May Term,
1860.

ASHLEY
v.
LAIRD.

---

ASHLEY *v.* LAIRD and Another.

Suit upon a judgment recovered in a foreign state. The complaint was in the usual form, setting out a copy of the record of the judgment; but the record set out contained none of the pleadings in the cause, nor did it in any manner disclose what was the cause of action or the subject in controversy. *Held*, that the complaint was bad on demurrer.

*Friday,
June 1.*

APPEAL from the *Howard* Circuit Court.

WORDEN, J.—Action by the appellees against the appellant, upon a judgment recovered by the plaintiffs against the defendant, in the District Court of *Polk* county, in the state of *Iowa.*

The complaint is in the usual form, setting out a copy of the record of the judgment. The record thus set out is evidently imperfect, as it contains none of the pleadings

in the cause (if any were filed), nor does it in any manner disclose what was the cause of action, or the subject of controversy. It begins with the usual entry, showing the impannelling of a jury, and the trial of the issue, and shows the return of a verdict for the plaintiffs for 125 dollars with costs, which is followed by judgment. The certificate of the clerk states that it is a "true copy of the judgment in the case," &c.

There was a demurrer filed to the complaint, which was overruled, and exception taken.

Answers were filed, and such proceedings were had as led to a judgment for the plaintiffs.

The ruling of the Court on the demurrer is assigned for error.

The record upon which the action was brought, with its authentication, constitutes a part of the pleading. *West-cott* v. *Brown*, 13 Ind. R. 83. Hence, the question as to the validity of the record is raised on the pleading.

Whatever presumptions may ordinarily be indulged in, as to the jurisdiction of the Courts of another state over the parties to an action, or the subject-matter of the suit, it appears to us that no such presumptions can make the record thus set out valid, so as to make. it the foundation of an action. In order that the judgment of a Court may be valid, it must have jurisdiction not only of the parties, but also of the subject-matter. 1 Smith's Lead. Cas., 5th Am. ed., 821. *Vide*, also, 2 Am. Lead. Cas., 809.

There are several ways of acquiring jurisdiction over the parties, as by summons, notice, or the voluntary appearance of the parties; and where the record is silent upon this point, jurisdiction is sometimes presumed. *Vide Horner* v. *Doe*, 1 Ind. R. 130. So, also, where the subject-matter of the suit appears, and the Court rendering the judgment is one of general jurisdiction, it may, perhaps, be presumed that the Court had jurisdiction of the subject-matter thus appearing. But we know of no case holding that such presumption would attach where the subject of the adjudication does not appear.

If the judgment sued upon in this case was rendered

May Term,
1860.

without any cause of action, or in other words, if no sub-ject-matter was brought before the Court for its adjudica-tion, we regard the judgment as a nullity. If on the other hand, there was a subject-matter brought before the Court for .its adjudication, either by complaint, declaration, or otherwise,. such complaint, declaration, or other statement, becomes legitimately a part of the record, and is necessary to show that the Court was proceeding in the discharge of its judicial functions, in adjudicating upon the matter thus brought before it.

The certificate of the clerk, attached to the transcript of the record filed, implies that there might be other proceed-ings in the cause, as he only certifies that he has given a copy of the "judgment."

In whatever aspect the case may be viewed, we think the demurrer to the complaint was improperly overruled; hence, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. D. Murray* and *N. R. Lindsay*, for the appellant.

*R. Vaile* and *H. A. Brouse*, for the appellees.