## ROBBINS *v.* DISHON.

In an action by the payee, in his own name, upon a note made payable to him as trustee, etc., the words trustee, etc., will be regarded as mere description of the person, and an answer denying his title

to, or right to recover upon, said note, should show that he has ceased to be such trustee, etc.

Where a township trustee lends money belonging to the township, in such manner as to make the loan thereof a conversion of the money to his own use, and takes a note payable to himself, as trustee, etc., he would be liable, on his bond, for said money, but the township would have no right of action on such note.

An answer to a complaint on a note, setting up an alleged former recovery for the amount of said note, in another action, should be accompanied by a copy of the proceedings and judgment in said action.

APPEAL from the *Orange* Common Pleas.

HANNA, J.—*Dishon* sued *Robbins* on a note made to the former, by the name of "*John Dishon,* trustee of *French Lick* township." The action is in the usual form between individuals.

The defendant answered: 1. That the money sued for belonged to *French Lick* township, and not to *Dishon,* and, therefore, he was not the proper party. 2. That a judgment had been recovered in, etc., in which said sum sued for was included, against said plaintiff, said defendant, and one *Bush,* and in favor of one *McCracken,* trustee of *French Lick* township, which remains unreversed and unsatisfied. 3. Similar to the first, but avers that the note was taken for money of the township loaned, and that *Dishon* is no longer trustee, etc.

A demurrer was sustained to said answers, which raises the only question in the case. Judgment for the plaintiff.

Regarding the words "trustee, etc.," as a mere description of the person, the first and third paragraphs of the answer are insufficient, because the first does not show but that *Dishon* was still trustee; and the third shows that he had converted the money of the township to his own use, and, by the act of loaning it, had made himself responsible, on his bond. The township could have no right of action on

such note, whatever right, if any, might exist, in any contingency, to pursue the money itself. As to the second paragraph, there is no copy of said judgment, etc., filed with the same, and it is, therefore, bad.

*Per Curiam.*—The judgment is affirmed, with two per cent. damages and costs.

*A. J. Simpson*, for the appellant.

*Thomas L. Smith, M. C. Kerr*, and *M. S. Mavity*, for the appellee.