### RINGLE *v.* WESTON.

PLEADING—JUDGMENT.—Where a pleading is founded on a judgment of a justice of the peace, a copy of the judgment must be filed therewith.

EVIDENCE.—Where a paper, purporting to be the record of a judgment before a justice of the peace, but not signed by the justice, was offered in evidence, it was properly excluded. Sec. 58, 2 G. & H. 592, requires judgments of justices of the peace to be entered and signed.

APPEAL from the *Noble* Common Pleas.

ELLIOTT, J.—Suit by *Weston* against *Ringle* on an account. Issues of fact were formed. Trial, and judgment for the plaintiff. *Weston*, the defendant below, appeals.

A demurrer was sustained by the court below to the *fourth* paragraph of the defendant's answer, which is assigned for error. The paragraph sets up a former suit between the same parties, before a justice of the peace, in which the defendant in this suit was plaintiff, and the plaintiff herein was defendant, involving their mutual accounts, and that the account now sued on was allowed as a set-off in said former suit. This paragraph of the answer is founded on the judgment and proceedings before the justice of the peace. No copy of the judgment or proceedings referred to is filed with the answer, which, according to repeated decisions of this court, should have been done, and the paragraph is therefore bad. See *Norris* v. *Amos*, 15 Ind. 365; *Ashley* v. *Laird*, 14 Ind. 222; *Robbins* v. *Dishon*, 19 Ind. 204. These decisions are based on the 78th section of the code, 2 G. & H. 104, which provides that "when any pleading is founded on a *written instrument* or account, the original or a copy thereof must be filed with the pleading," etc. It may be doubted whether a record of a judgment is embraced in the terms *written instrument*, within the meaning of this section, or whether the section relates only to contracts, or other written instruments which may be in the possession of the parties. Whatever may be the correct interpretation, it only in-

volves a question of pleading, and can not affect the material rights of the parties, and we therefore adhere to the previous rulings of the court in reference to it. The demurrer was therefore correctly sustained.

The defendant, in the fifth paragraph of his answer, sets up, as a set-off, an alleged judgment recovered by him against the plaintiff, before one "Justice *Barney*." On the trial, the defendant offered in evidence a paper, to which is attached a certificate, which reads thus:

" I, *Wm. B. Dunn*, do hereby certify that the foregoing is a full, true, and complete transcript from the docket of *Wm. M. Barney*, Esq.; said docket being now legally in my possession as his successor in office.

"Given under my hand and seal, this 1st day of *June*, 1863.

"Wm. B. Dunn, *J. P.*" [SEAL.]

The paper purports to be the record of a suit by *Peter Ringle* against *John Weston*, in which the former recovered against the latter a judgment for $30; but it is not signed by "Justice *Barney*," or any other justice or person. The court refused to permit it to be given in evidence, to which the defendant excepted.

The court did right. The statute requires judgments of justices of the peace to be entered and signed. Sec. 58, 2 G. & H. 592.

Judgment affirmed, with five per cent. damages and costs.

*Moses Jenkinson*, for appellant.

*J. M. Flagg*, for appellee.