### KENT ET AL. *v.* FULLENLOVE ET AL.

INJUNCTION.—*Execution.—Practice.*—Where proceedings were instituted to enjoin an execution issued on a judgment rendered on the last day of a term of the circuit court, but not entered on the order book or read in open court and signed, but so entered and signed in vacation, and where relief was also asked against the judgment as being void, it was not error to refuse to strike out an answer admitting that the record was not signed, or the judgment entered or read in open court, but asking that it might be then read and signed; and it was proper for the court to enjoin the execution and to order the entry of the judgment to be read and sign the same then on motion.

APPEAL from the Floyd Circuit Court.

DOWNEY, J.—The complaint in this case was filed by the appellants against the appellees to enjoin the execution of a judgment rendered in said court in favor of John F. Gray, one of the appellees, against the appellants. It is alleged in the complaint that the judgment was rendered on the 18th day of May, 1867, which was the last day of the term, but was not put upon the order book until in the month of June, in the said year, during the vacation of said court, and that in August following, in vacation, the judge of the court signed the record thereof; that the record of said judgment had never been read in open court at any time; that Fullenlove, as sheriff, by order of Gray, was about to collect the amount of said judgment by virtue of an execution in his hands, issued on said judgment; wherefore, etc.

The defendants moved the court for a change of venue, because the judge of the circuit court was a material witness for them, the determination of which motion was deferred until the issues should be completed. Gray filed his answer and cross complaint, in which he alleged that on the 27th day of March, 1866, he filed his complaint against the appellants in said court; that on the —— day of May, 1867, the cause was submitted to the court for trial, and on the 18th day of May, 1867, the court made and announced its finding for the sum of, etc.; that the appellants moved for a new trial, which motion was overruled, and judgment was then and there rendered by the court in favor of said Gray

against the appellants for, etc., from which the appellants then prayed an appeal to the Supreme Court; that the 18th day of May, 1867, was the last day of the April term of said court; that said judgment was not then entered on the order book of said court, nor read at said term and signed by the judge, and that the judgment, although since entered on the order book, had never been read in open court, but he avers that said judgment remains in full force, etc.; that the only reason why it was not entered and signed at said term was because of the expiration of the said term and the want of sufficient time. Wherefore he prays that the files in said cause and the entries and proceedings may be examined and inspected by the court, and that upon such examination and inspection said entry and judgment may here, at the present term, be publicly read in open court, *nunc pro tunc*, and that the same may be signed by the judge, and for all other proper relief.

Fullenlove, the sheriff, filed a similar answer, praying the same relief.

The plaintiffs moved to strike out each of the answers, but their motions were overruled. They then demurred separately to each of the said answers, and their demurrers were also overruled. They excepted. They then moved the court for judgment in their favor upon all the allegations of the complaint, because there was no pleading on file by the defendants either denying the allegations of the complaint, or confessing and avoiding the same. The court was of the opinion that the plaintiffs were entitled to judgment in their favor upon all the allegations of the complaint, but not to the entire relief prayed for in their complaint, and thereupon the said motion was overruled by the court, and the plaintiffs excepted.

They then moved the court for a decree to vacate the judgment in the complaint described, and to set the same aside, and declare it void, and to award a perpetual injunction, as prayed for in the complaint; but the court declined to grant said motion in its full extent, and in lieu thereof

ordered and adjudged that the said judgment was a valid judgment, and that the same ought not to be vacated, amended, and set side, but that the execution was irregularly issued, and that the plaintiffs were entitled to so much of the relief prayed for in their said complaint as demands an injunction against said execution in said complaint mentioned, and that said execution be set aside, and that the defendants, Gray and Fullenlove, should be perpetually enjoined and restrained from any further proceedings toward the collection of said judgment by virtue of said execution. The court also set aside the execution, and rendered judgment in favor of the plaintiffs for their costs. To the opinion of the court, in refusing to set aside the judgment, the plaintiffs excepted.

A bill of exceptions shows that immediately after overruling the motion to strike out the answer of Gray, on the motion of the defendant Gray and over the objection of the plaintiffs, the court ordered the clerk to read in open court the entry of the judgment; and that the clerk thereupon read the entry in open court, to which the plaintiff excepted, because the issues in the cause had not been completed, and because said motion was irregular and not made at the proper time.

Seven errors are assigned:

First. The refusal of the court to strike out the answer and cross complaint of Gray.

Second. The ordering of the judgment to be read and signing the same in open court, *nunc pro tunc.*

Third. In overruling the demurrer to the answer and cross complaint of Gray.

Fourth. The refusal to strike out the answer and cross complaint of Fullenlove.

Fifth. In overruling the demurrer to the answer and cross complaint of Fullenlove.

Sixth. In overruling the motion for judgment in favor of the plaintiffs, on all the allegations of the complaint; and

Seventh. In overruling the motion for an order vacating the said judgment of May 18th, 1867.

The statute relating to circuit courts has this section: "It shall be the duty of the clerk of the circuit court to draw up each day's proceedings at full length, and the same shall be publicly read in open court, after which they shall be signed by the judge; and no process shall issue on any judgment or decree of the court until it shall have been so read and signed." 2 G. & H. 9, sec. 22.

The design of this enactment is very evident. It was intended to guard against mistakes in the entering of record of the proceedings and judgments of the court, or the failure, as in this case, to enter them at all. It is probable that too little attention is given by counsel to this important means of preventing mistakes and omissions. They should know that their duty is not fully performed when a ruling or judgment of the court is announced, but only when they are assured that the order or judgment has been correctly entered of record.

Without considering the assignments of error in regular order, or in detail, there are two or three propositions which seem clear enough:

1. The answers did not set up any matter which was a bar to the action. They admitted the facts to be substantially as alleged in the complaint. Regarded, however, in the nature of motions or cross complaints to have the record amended, by having it read and signed in open court, we are inclined to hold them sufficient. It will be seen, by reference to the statute above copied, that the reading and signing of the proceedings, though required to be done in open court, are not required to be done at the same term in which the proceedings took place. We think we should construe the section so as to hold that the reading and signing may be at a term after that in which the entry was made. This construction may be very convenient, if not necessary, in cases where by omission, or by the sickness or death of the judge or clerk, the reading and signing have not been attended to at the term when the proceeding was had or judgment rendered. If it be supposed that notice should be given to

the party interested in opposing the amendment or the reading and signing of the proceedings, it may be answered, so far, at least, as this case is concerned, that the parties were both before the court, and no further or different notice was necessary.

We conclude then, that in overruling the motion to strike out the answers and cross complaints, and also in overruling the demurrers to them, the court committed no error.

2. The section of the statute in question does not render the proceedings of the court invalid or void because they have not been read and signed in open court. It provides only that "no process shall issue on any judgment or decree of the court until it shall have been so read and signed." Hence it is very clear that the execution which had been issued on the judgment, when it had not been so read and signed, was improperly issued, and properly set aside. But we do not think that the judgment itself should have been set aside. It was not wholly nugatory. It needed only to be read and signed in open court to impart to it full force and validity. We think, therefore, that the action of the court in refusing to render judgment, as prayed for in the complaint, and in afterward refusing to set aside and declare invalid the judgment itself, was correct. It seems to us that there was no error in the action of the court.

The judgment is affirmed, with costs.

*J. H. Stotsenburg* and *T. M. Brown,* for appellants.