## PASSWATER *v.* EDWARDS.

PRACTICE.—*Entry of Judgment.*—On the trial of an indictment for assault and battery with intent to murder, the defendant was found guilty of assault and battery, and his punishment was fixed at imprisonment in the county jail and a fine. After motions for a new trial and in arrest were overruled, the defendant was imprisoned in the county jail by the sheriff, but no judgment was entered during the term. In vacation, the prisoner having sued out a writ of *habeas corpus,* the judge telegraphed the clerk to enter judgment in the order book as of a day certain in the preceding term, which the clerk accordingly did.

*Held,* that the entry was a nullity and gave no authority to hold the defendant in prison. After the court had finally adjourned, without any entry of judgment on the order book, the clerk could not by order of the judge enter it in vacation.

From the Madison Common Pleas.

*T. J. Kane* and *A. F. Shirts,* for appellant.

DOWNEY, C. J.—The appellant filed his petition for *habeas corpus* on the 19th day of June, 1873, in which he stated, in substance, the following facts: That he was, and for thirty days had been, unlawfully detained in the jail of said county and restrained of his liberty by the defendant, as sheriff of the said county. He stated that he had been indicted by the grand jury of the county at the September term, in the year 1872, of the circuit court, for an alleged assault and battery, upon one Frank Curry, with intent to murder him; that he had given bail for his appearance, and had appeared to the indictment; had moved to quash the same, which motion had been overruled, and an exception taken by him; that he was then arraigned, pleaded not guilty, tried by a jury, acquitted of the intent to murder, but found guilty of an assault and battery, and his punishment fixed at ten days imprisonment in the county jail, and a fine of two hundred dollars; that he made a motion for a new trial, which was overruled, and he excepted; that he then made a motion in arrest of judgment, which was also overruled, and he again excepted; that the said indictment was, as he is informed and believes, wholly insufficient to support the said charge. He further states that no judgment was ever rendered by

the clerk of said circuit court upon the records thereof or by any other person and signed by the judge thereof, upon the verdict of said jury, all of which will appear by the record of the proceedings of said court, a copy of which is made part of the petition. He further shows that the defendant, on account of said verdict, incarcerated him in the jail of said county, and for no other cause whatever, and has left him imprisoned until the present time; wherefore, etc.

A writ of *habeas corpus* was issued, directed to the appellee, as such sheriff, and he produced the body of the appellant in court and made his return, in which he alleged the indictment, trial, conviction, and sentence of the appellant, alleging the sentence to have been on the 9th day of May, 1873, in said circuit court; that he held the appellant in his custody by virtue of that sentence, and not without cause, as alleged. A copy of the judgment is made part of the return.

The petitioner pleaded to the return: 1. A denial that any such judgment was rendered or entered up during the time that the court was in session; and averring that, on the contrary, the same was entered up after the final adjournment of said court, and without the knowledge or consent of the petitioner; and, 2. That at the time of the signing of the petition herein and the affirmation thereof, there had been no judgment rendered against him in said cause; that all the proceedings had in said cause, up to that time, were fully shown and set forth in the transcript of the proceedings filed with and made part of the petition, under the hand and seal of the clerk of said court; that said Hamilton Circuit Court adjourned on the 30th day of May, 1873, and had not since convened or been in session; that said petition was signed, etc., on the 12th day of June, 1873, twelve days after said adjournment; that after the petition was duly prepared and verified, etc., the clerk of said court addressed a letter to the judge, who was then holding court in another county, stating the fact to him that no judgment had been rendered in said cause; that in answer thereto the judge sent a telegram

Passwater *v.* Edwards.

directing the clerk to enter up the judgment as of the eleventh day of the term of said court; that said clerk, in pursuance of said order, entered up said judgment, which is the same judgment filed with said return and no other or different; that said judgment was never read by the clerk of said court nor signed by the judge, and was rendered long after the final adjournment of said court, without the knowledge or consent of the petitioner, etc. This pleading was verified by the oath of the petitioner.

A demurrer to both paragraphs of this pleading was sustained, and there was judgment thereon, remanding the petitioner to the custody of the sheriff. This ruling of the court is assigned as error.

We do not understand from the record that no judgment was announced by the circuit court upon the verdict of the jury. The allegation of the petition is, that " no judgment was ever rendered by the clerk of the Hamilton Circuit Court upon the records thereof, or by any other person, and signed by the judge thereof, upon the verdict of the jury," etc. We may infer that the proper judgment was announced by the court, but not entered upon the order book by the clerk, and consequently not read and signed during the term, but was, by order of the judge after the term, entered by the clerk upon the order book. Can the judgment be regarded as valid under such circumstances? In our opinion it can not. If the judgment was announced and intended to be entered of record, but was omitted by mistake, we do not say that it might not have been entered at a succeeding term upon notice and motion, but we can not sanction a practice so loose as that which was adopted in this case. The term of the court was ended and finally adjourned. Upon being informed of the facts, after the petition for *habeas corpus* was prepared, the judge, by a telegram, directed the clerk to enter the judgment, which was accordingly done. The judgment entered, under the circumstances, can not be held valid, and is not, therefore, any cause for holding the appellant in custody. We decide nothing as to the necessity for

reading the judgment and signing it, before the appellant could be imprisoned upon it. It is a common practice for courts to order a prisoner into custody, when judgment has been announced, and before it is either entered or read. In such cases, the judgment is generally entered during the day and read and signed the next morning. What we decide is, that where the court had finally adjourned, without any entry of the judgment on the order book, the clerk could not enter it in vacation by the order of the judge, as was done in this case, so as to make it legal and valid.

The judgment is reversed, with costs, and the cause remanded, with instructions to proceed in accordance with this opinion.