No. 8968.

ADAMS ET AL. *v.* LEE ET AL.

EVIDENCE.— *Transcript.—Authentication.*—A transcript of a judicial record of a court of superior jurisdiction of this State, properly authenticated, need not show that the judge signed the proceedings of each day; the authentication is itself evidence of that fact.

JUDGMENT.—*Assignment.—Attestation.—Set-Off.*—An assignment of a judgment, not attested as the statute requires (R. S. 1881, section 603), is not void; it is, at least, good in equity, and vests such title in the assignee as entitles him to use it as a set-off to a judgment held by the defendant thereto against him.

SAME.—*Lien of Attorney.—Evidence of Fees.*—The lien of an attorney for fees, upon a judgment entered as the statute (R. S. 1881, section 5276,) requires, is paramount to the right of the defendant to set off a judgment held by him against the plaintiff; but to hold it against such set-off, proof of the amount due for the fees is necessary.

HARMLESS ERROR.—It is a harmless error to permit a party to duplicate a portion of his record evidence.

From the Johnson Circuit Court.

*T. B. Adams, L. T. Michener, G. M. Overstreet, A. B. Hunter* and *S. P. Oyler,* for appellants.

*O. J. Glessner, E. K. Adams, L. J. Hackney, H. H. Daugherty, T. W. Woollen* and *D. D. Banta,* for appellees.

ELLIOTT, J.—On the 27th day of February, 1878, appellees filed a motion to set off judgments of which they had become

the owners, against one which Reuben Spicer had obtained against them. On the 13th day of May, 1879, the appellees filed a supplemental motion alleging that the appellants had taken a lien against the judgment rendered in Spicer's favor, and that it was subsequent to the assignment to them of the judgments against Spicer. Appellants appeared and answered the general denial and several affirmative defences, but, as no questions arise on the pleadings, it is not necessary to summarize them.

It is contended that the court erred in admitting in evidence a transcript of one of the judgments described in the motion, for the reason that it does not appear that the proceedings were signed by the judge of the court in which the judgments against Spicer were rendered. It is not necessary that each entry of the rulings made by the court should be signed by the judge. This is expressly decided in *Scott* v. *Millard,* 10 Ind. 158.

Where a transcript of a judicial record of a court of general jurisdiction, is properly certified by the authorized officer, the presumption is that the proceedings were regular, and that the judge discharged his duty by signing the record at the close of the day's proceedings. This is plainly so upon principle, and is expressly declared to be the law in *Scott* v. *Millard, supra.* There is nothing on the face of the record, nor elsewhere in the evidence, countervailing this presumption.

The cases cited by appellants do not trench upon this doctrine. In *Ringle* v. *Weston,* 23 Ind. 588, the holding was that a justice must sign the record entry of each case, not the entry of separate rulings, because the statute expressly and imperatively so requires. It is obvious that the rule prevailing in such a case can have no application to courts of superior jurisdiction. The case of *Hougland* v. *State, ex rel.,* 43 Ind. 537, holding that the entry of replevin bail, which is not attested by the signature of the justice of the peace, is void, has been overruled. *State, ex rel.,* v. *Trout,* 75 Ind. 563 ; *Stone* v. *State, ex rel.,* 75 Ind. 235. The case of *Passwater* v. *Edwards,* 44

Adams *et al. v.* Lee *et al.*

Ind. 343, is not at all in point. In that case it was said: " We decide nothing as to the necessity for reading the judgment and signing it before the appellant could be imprisoned upon it. * * *. * What we decide is, that where the court had finally adjourned, without any entry of the judgment on the order book, the clerk could not enter it in vacation by the order of the judge, as was done in this case, so as to make it legal and valid." We are not enquiring whether valid process might have been issued without showing that the judge had signed the record. Our enquiry here is, is the proceeding void because the judge's signature does not appear?

We do not think the assignment contained in the record is void because not attested by the signature of the clerk. If it be conceded that there is not a legally attested assignment, still there is an equitable assignment, and this was sufficient to vest such a title in the assignee as entitled him to use it as a set-off against a judgment obtained by defendant against him. *Burson* v. *Blair*, 12 Ind. 371; *Kelley* v. *Love*, 35 Ind. 106; *Shirts* v. *Irons*, 54 Ind 13.

If it were true that the assignment is improperly in the record, it would not be sufficient cause for excluding the entire transcript. The fact, that a transcript contains some matter irregularly there, will not vitiate the whole instrument to such a degree as to require its entire exclusion.

The appellees read in evidence a transcript showing that a judgment was rendered against Spicer on the 1st day of May, 1876, but not setting out any writ, pleading or entry except that of the judgment. We need not enquire whether the transcript was or was not competent, for it clearly appears that it is of the same judgment as that which appears in the transcript of which we have already spoken. It is a copy of the entry of the judgment and is but a part of the complete record which was put in evidence. No harm resulted to the appellants from permitting the appellees to duplicate their evidence. If it was error to permit this it was a harmless one, and for such we can not reverse.

The remaining question is, were the appellants bound to prove the value of the professional services for which they entered a lien upon the judgment against Spicer? The question is not entirely free from difficulty. In *Dunning* v. *Galloway,* 47 Ind. 182, it was held that where an attorney sought to set aside a satisfaction of a judgment he must show the value of the fees for which the lien was taken. It was there said that "The complaint fails to allege the amount of the fee due to the plaintiffs either by stating a contract as to the amount, or by averring the value of the services. We can not hold that the amount mentioned in the notice of the lien can be regarded as the true amount, in the absence of any averment on the subject." This goes far to sustain the contention of the appellees. The cases upon mechanics' liens go very far in the same direction. In such cases it is necessary for the claimant to show the amount due him, and the amount stated in the notice of lien is not sufficient to do this. In *City of Crawfordsville* v. *Irwin,* 46 Ind. 438, it was said of a pleading: "It alleges that the plaintiffs filed a notice of their intention to hold a lien for that amount" (*i. e.* the amount therein stated), "but this is not equivalent to an allegation that that or any other amount was due them from Alexander & Whitset." The analogy between the two classes of cases is a close one; the principle is, in truth, the same. If the one claimant can make out his case by showing the amount stated in his lien, surely so can the other.

The case of an attorney or mechanic asserting a lien is not at all like that of a mortgagee. In the one case the statement is a mere unilateral one; in the other there is a definite amount fixed by contract. Nor is the case of the appellants like that of a plaintiff declaring upon a contract stating consideration. Neither is it like that of a party seeking to enforce a bill of exchange, promissory note or other instrument importing a consideration. On the contrary, it belongs to that class of cases where it is necessary to allege and prove a consideration. The right must rest on a consideration or it

is null, and if none is shown none can be presumed. Such a case as this calls strongly for the application of the general rule just stated. The matter was one peculiarly within appellants' knowledge. They knew better than any one else, whether their compensation was fixed by contract, or if not so fixed what its character and value were. It is an elementary rule, that parties must prove matters peculiarly within their own knowledge. This rule prevails in criminal prosecutions. It is illustrated by those cases which hold that in prosecutions for selling liquor without license the State is excused from proving that the defendant did not have a license, because that is a matter peculiarly within his own knowledge.

The authorities cited to the effect that whatever the court does is presumed to have been rightly done, do not apply here. The entry of the lien is not the act of the court. It is the individual act of the attorney. The statements in the notice of lien are not the statements of the court; they are those of an individual. They have nothing of a judicial character. With quite as much propriety might it be claimed that because an assignment, or a payment of a judgment, is entered upon the record of the court, it is a judicial act, as that the notice of a lien filed by an attorney is such an act.

The case of *Dykers* v. *Townsend*, 24 N. Y. 57, cited by appellants, is not in point. No such question as is here involved could under the facts of that case have been presented. *Robertson* v. *Shutt*, 9 Bush, 659, does not aid the appellants, for in that case there was proof of the adjustment of the claim of the attorney, by the client. There was no such evidence in the present case. If there had been a contract fixing the compensation of the appellants, a very different case would have been presented. But they did not offer any evidence to prove either a contract, or that their services were of any value.

This case is not within the rule that a contract, fair on its face, will be upheld, unless there be evidence attacking it. No contract was proved. All there is in evidence is the statement

in the notice of lien. There is absolutely nothing by which to fix value. The question is, therefore, not one of good faith or bad faith. It is simply whether the naked, unsupported, *ex parte* statement in a lien proves value.

Whether the lien relates back to the commencement of the action, is not a material enquiry; for, without some evidence of the value of the lien, it is but an empty thing. The question is not when the appellants acquired a lien, but what did they acquire a lien for? This question can not be answered in their favor unless we accept as sufficient the amount stated in their notice of lien.

We do not doubt that the notice was sufficient to put the appellees on enquiry. It did do this, and they brought the appellants into court, and gave them an opportunity to show the character of their claim. The infirmity is not in the notice; it is in the case made in answer to the challenge to make good the interest claimed through the lien.

If the appellants had shown the value of their services, to that extent their rights would have been paramount to those of the appellees. We have no doubt that the lien of an attorney properly taken is superior to the claim of one owning a judgment against the client. But a lien, like almost everything else, must have value, for without it there is really no foundation. A valueless lien can not defeat a perfect right of set-off.

It is contended that the motion concedes the amount of the lien. It is loosely and badly drawn, but we think it does not make this concession. It challenged the appellants to show the character of their lien, and in their answer the appellants do state the character of their lien, and the foundation upon which it rests—the value of their services; but they offered no evidence in support of their answers.

It is a general rule that allegations of value are not admitted by a failure to controvert them. We think the rule should certainly apply to an informal and summary proceeding like the present.

The concession in the supplemental motion ought not, as it seems to us, to be regarded as going further than that the appellants had filed a notice of a lien. There is neither an express nor an implied admission that the value of their services is the sum named in the notice of lien; the utmost force that can be given the motion is that it concedes that appellants have given notice of a lien for the amount specified in it.

Judgment affirmed.

Petition for a rehearing overruled.