No. 9331.

## THE STATE v. THISTLETHWAITE.

RECOGNIZANCE BOND.—*Judgment of Forfeiture.—Complaint.*—It is necessary in an action upon a forfeited recognizance bond, that the complaint should show that a proper judgment of forfeiture was duly entered of record.

SAME.—A judge can not delegate authority to the clerk to enter judgments of forfeiture after the close of the term.

From the Hamilton Circuit Court.

*T. B. Orr,* Prosecuting Attorney, and *E. Granger,* for the State.

*T. J. Kane* and *T. P. Davis,* for appellee.

ELLIOTT, J.—This is an action upon a recognizance executed to secure the appearance of one George Winters, against whom a charge of felony had been preferred.

We are satisfied that the trial court did right in sustaining the appellee's demurrer to the complaint. It is necessary, in actions upon such undertakings as that executed by the appellee, to show a proper judgment of forfeiture duly entered of record, and this the complaint does not do. The allegation

is as follows: "The plaintiff avers that the said forfeiture was not then and there entered of record in the records of said court, but that said twenty-fourth judicial day was the last day of the term of the court, and that the judge placed his signature on the record of said court, leaving sufficient space in which to record and enter of record said forfeiture, and directed the clerk to enter judgment of forfeiture in the blank space, which the clerk has done and did do in vacation."

We are not willing to hold that the judge may delegate authority to the clerk to enter judgments of forfeiture after the close of the term. Whether the court might, upon notice and motion, direct such an entry at a subsequent term, is a question not before us. This was the question in *Kent* v. *Fullenlove*, 38 Ind. 522, and what is there said must be understood as directed to a discussion of the question which the court had in hand. We decide nothing upon the right of a party to attack a record regular on its face and properly signed by the judge, for no such question is before us. As the complaint in express terms declares the infirmity in the case, we can not look beyond its face.

The case under consideration is very similar to that of *Passwater* v. *Edwards*, 44 Ind. 343, where it was said: "We may infer that the proper judgment was announced by the court, but not entered upon the order book by the clerk, and consequently not read and signed during the term, but was, by order òf the judge after the term, entered by the clerk upon the order book. Can the judgment be regarded as valid under such circumstances? In our opinion it can not."

We think that in the case before us the conclusion must be the same as that reached in the case cited, and we must therefore hold the complaint bad.

Judgment affirmed.