Filed Dec. 16, 1884.

———————◆———————

No. 11,265.

MITCHELL ET AL. *v.* ST. JOHN ET AL.

JUDGMENT.—*Entry in Vacation.*—*Injunction.*—A judgment duly pronounced in term, but entered in vacation, and the entry never seen by the judge nor signed by him, though his name was signed by an attorney, is invalid, and its execution will be enjoined.

SAME.—*Legalizing Statute.*—In such case the judgment is not made valid by the statute, Acts 1881, p. 93.

From the Morgan Circuit Court.

*J. V. Mitchell, W. R. Harrison* and *W. E. McCord,* for appellants.

·    *G. W. Grubbs, M. H. Parks* and *J. H. Jordan,* for appellees.

BICKNELL, C. C.—Aaron St. John was seeking to enforce an execution issued upon an alleged judgment in his favor against James M. Mitchell, John R. Mitchell and Albert S. Mitchell.    The complaint in the present case was filed by the

Mitchells to restrain by injunction the collection of said judgment. They made Adams and Newby and Ferguson co-defendants with St. John, alleging that they were claiming a lien on said judgment for attorneys' fees.

The complaint averred that no such judgment was rendered; that the entry in the order-book, claimed to be a judgment, was made in vacation, and without consent of the parties, and was never read or approved by the court, nor signed by the judge, but that the name of the judge was subscribed thereto by an attorney of the court in vacation, and in the absence of the judge. These facts were proved upon the trial, and it was shown that in the cause in which the alleged judgment was claimed to have been rendered, and which was numbered 2283, the following minutes were made on the judge's docket: " No. 2283; 14th day; jury trial; evidence heard; verdict; and answer to interrogatories returned (302); 24th day; judgment on verdict; entry by Adams (361)."

It appeared that Adams made no entry, but afterwards, in vacation, Ferguson prepared an entry of a judgment, and it was placed on the order-book, but being unsatisfactory, another entry of judgment was prepared by somebody and placed on the order-book in vacation, and to this the name of the judge was placed in vacation by another attorney of the court.

In the present case the court had granted a preliminary restraining order inhibiting the enforcement of the execution against all of the Mitchells, but upon the hearing the court dissolved the restraining order as to the said James M. Mitchell, and awarded a perpetual injunction against the enforcement of the execution as to John R. Mitchell and Albert S. Mitchell. The question arising upon this appeal is, ought the alleged judgment to be enforced by execution as against James M. Mitchell?

In *Passwater* v. *Edwards*, 44 Ind. 343, this court said: " We may infer that the proper judgment was announced by the court, but not entered upon the order-book by the clerk, and

consequently not read and signed during the term, but was, by order of the judge after the term, entered by the clerk upon the order-book. Can the judgment be regarded as valid under such circumstances? In our opinion it can not."

So, in *State* v. *Thistlethwaite,* 83 Ind. 317, where the judge had placed his own signature on the order-book, leaving sufficient space for the entry of a judgment, and had directed the clerk to enter judgment in the blank space, which the clerk afterwards did in vacation, this court said: " We are not willing to hold that the judge may delegate authority to the clerk to enter judgments of forfeiture after the close of the term." Under the authority of these cases the execution as to James M. Mitchell had no sufficient judgment to support it.

But the appellees claim that under a recent statute law, Acts. 1881, p. 93, the entry in the order-book must be regarded as valid as fully and to the same extent as if the same had been duly signed by the judge; that is, the same as if signed by him in term time, because otherwise it would not be " duly signed " by him.

The statute referred to is as follows: "An act to legalize and render valid the records of the circuit and common pleas. courts of the various counties in the State of Indiana.

" SECTION 1. *Be it enacted,*" etc., " That all the records of the circuit court and of the court of common pleas of the various counties in this State, heretofore duly entered in the order-books by the clerks of said courts and not signed by the judge, be and the same are hereby legalized and declared to be valid as fully and to the same extent as if the same had been duly signed by the judge."

The record in controversy was entered in the order-book before the passage of this act, if it can be regarded as " duly entered," then by the operation of this act, it is just as valid as if it had been signed by the judge in term time. But was it duly entered? We think it was not. It was prepared by an attorney in vacation; it was entered on the order-book in

vacation; it does not appear that the judge ever approved it or ever saw it. Under such circumstances it can not be held to be a record duly entered in the order-book, within the meaning of the statute under consideration, and is not made valid thereby.

The reasons for a new trial were that the finding was contrary to law, and was not sustained by sufficient evidence. The court erred in overruling the motion for a new trial and in dissolving the temporary restraining order, as to the said James M. Mitchell.

The judgment ought to be affirmed as to the said John R. Mitchell and Albert S. Mitchell, and reversed as to the said James M. Mitchell.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby affirmed as to the said John R. Mitchell and Albert S. Mitchell, and reversed as to the said James M. Mitchell, at the costs of the appellees, and this cause is remanded for a new trial as to the said James M. Mitchell, with instructions to the court below to award a temporary injunction as to the said James M. Mitchell.

