Filed Jan. 12, 1887.

No. 12,337.

## BEITMAN v. HOPKINS ET UX.

EVIDENCE.—*Communications Between Husband and Wife.—Fraudulent Conveyance.—Consideration.—Statute Construed.*—In a suit against a husband and wife to set aside an alleged fraudulent conveyance from the former to the latter, the negotiations between them prior to the conveyance, relative to the consideration, are not incompetent under section 497, R. S. 1881, and are admissible in evidence.

TRIAL.—*Special Judge.—Failure to Sign Judgment.—Right to Sign at Subsequent Term.—Re-Trial.*—Where a cause is tried by a special judge, who neglects to sign the record of the final judgment, at the term at which it is rendered, he may sign it at a subsequent term. Such failure is at most a mere irregularity, and does not entitle the judgment defendant to a re-trial.

From the Daviess Circuit Court.

*F. M. Haynes, A. J. Padgett* and *J. Downey,* for appellant.
*J. W. Burton,* for appellees.

ZOLLARS, J.—Appellant, having a judgment against Eze-kiel Hopkins, brought this action against him and his wife,

Martha, to set aside a conveyance of real estate from him to her, upon the ground that it was fraudulent and void as against creditors, and especially as to appellant.

The consideration expressed in the deed is one dollar, and the repayment of money which, prior to the conveyance, the husband, Ezekiel, had received from the wife, Martha. Upon the trial, the wife was allowed to state that at the time the deed was executed, it was agreed between her and her husband, that the land should be conveyed to her in payment of the husband's indebtedness to her, and that as a further consideration she agreed to assume and pay a mortgage upon the land executed by the husband, and in the execution of which she had not joined.

Appellant objected and still objects to the evidence, upon the ground that it was the detailing of communications between the husband and wife, and hence incompetent under section 497 of the code. The evidence was a statement of the negotiations between the husband and wife prior to, and which resulted in, the conveyance of the land. In our judgment, those negotiations were in no sense such communications between husband and wife as are rendered incompetent under the above section of the statute. Such, clearly, is the result of the holding in the case of *Schmied* v. *Frank*, 86 Ind. 250. The holding in that case, upon the point involved here, is applicable, and authority, in the construction of our present statute. See, also, as bearing upon the question, *Mitchell* v. *Colglazier*, 106 Ind. 464; *Sedgwick* v. *Tucker*, 90 Ind. 271.

The cause was tried, and judgment rendered, by a special judge. He neglected to sign the record of the final judgment. At a subsequent term of the court, appellant made a motion to have the cause redocketed for another trial, because of such failure of the special judge to sign the record at the term at which the judgment was rendered. Over appellant's objection and exception, the special judge overruled that motion, and signed the record.

The failure of the special judge to sign the record of the final judgment at the term at which the judgment was rendered, did not render the judgment void. It was at most but an irregularity, and could in no event entitle appellant to a re-trial. And if it should be conceded that the special judge had no authority to sign the judgment at the time he did, it would not follow at all, that the judgment was void.

We think, however, that under section 415, R. S. 1881, the special judge had authority to pass upon appellant's motion, and to sign the record at the time he did. The statute, it will be observed, is an enlargement upon prior statutes, and was intended to clothe special judges with authority to act in cases in which they are called to preside, until the final judgment is rendered, entered up, and signed.

Some question is made as to the sufficiency of the evidence to sustain the verdict in favor of appellee Martha Hopkins. We can not reverse the judgment upon the weight of the evidence. It may be observed in passing, that three juries, in the separate trials, decided the questions of fact in her favor. We find no error for which the judgment should be reversed.

Judgment affirmed, with costs.

