## JAQUA v. HARKINS ET AL.

[No. 6,177. Filed December 11, 1907.]

1. DRAINS.—*Statutes.*—*Repeal.* — *Pending Proceedings.* — Section 5635 Burns 1905, Acts 1905, p. 456, §14, repealing prior drainage laws, with certain exceptions, did not affect pending drainage proceedings which had not reached final judgment where the proposed drain would not affect any lake whose high-water, surface area did not exceed ten acres. p. 642.

2. JUDGMENT.—*Setting Aside.—Fraud.—Special Findings.* — Unquestioned special findings must be considered as true; and where a judgment is impeached because of fraud, such findings must affirmatively show a legal fraud, or the suit fails. p. 643.

3. SAME.—*"Rendition" of, in Vacation.—Entry.—Words and Phrases.*—A judgment "rendered" in vacation is void; but a judgment pronounced by the judge in term-time may lawfully be entered in vacation. p. 644.

4. SAME.—*Rendition.—Recording.—Time of.—Validity.*—A judgment pronounced in open court, the entry of which was directed to be prepared and entered later, in vacation, and it was so prepared and entered, the record being signed in vacation by the judge and reread and approved in open court at the succeeding term, is neither fraudulent nor void. p. 645.

From Jay Circuit Court; *J. W. Macy,* Special Judge.

Suit by Alonzo L. Jaqua against William H. Harkins and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*D. T. Taylor, Allen Zollars* and *Frank B. Jaqua,* for appellant.

*E. E. McGriff, S. A. D. Whipple, John M. Smith* and *J. J. Moran,* for appellees.

HADLEY, P. J.—This suit was brought by the appellant to set aside certain proceedings had in the Jay Circuit Court in the attempted establishment of a ditch, to enjoin the construction of said ditch, and to quiet his title as to assessments made against his lands for the construction thereof. The complaint avers appellant's ownership of certain described lands in Jay county, Indiana, having thereon a fresh-water lake of more than ten acres of surface, of the value of $10,000, and alleges that, on a day named, certain of the appellees filed in the Jay Circuit Court their drainage petition, wherein they alleged that their lands could be best drained by the construction of an open ditch along and over the course of the Salamonie river, between points named, for a distance of more than twenty-one miles; that such proceedings were had upon said petition that said matter was referred to certain drainage commissioners, who

afterward made their report in favor of said proposed drainage, and assessed the benefits and damages that would, in their opinion, be occasioned thereby against the lands set out in their said report, including those of appellant, described in said complaint; that afterward on June 22, 1905, said report was confirmed by the Jay Circuit Court, said drain established, and a superintendent of construction appointed, but no entry was ever made in the order-books of said court of the confirmation of said report, the establishment of said ditch, and the appointment of said superintendent of construction; but that on July 20, 1905, in vacation, the petitioners and contractors for said ditch illegally and fraudulently attempted to cause the records to show the confirmation of said report, the establishment of said ditch, and the appointment of said superintendent of construction; that one of the appellees, assuming to act as superintendent of construction, awarded to certain other of the appellees contracts for the construction of said proposed work; that said contractors were threatening to, and would if not enjoined, enter upon the lands described and destroy said lake, and otherwise do the appellant irreparable injury; that said proposed ditch was located within less than ten rods of the west line of said fresh-water lake; that the bottom of said proposed ditch would be four feet below the water-level of said lake, which would entirely drain the same, and that said ditch was not designed to and would not empty into said lake; that the order and judgment establishing said ditch was void because of the repeal of the law under which said proceedings were instituted before the rendition of said judgment. Upon issues joined, a trial was had by the court, a judgment rendered for appellees upon special findings and conclusions of law, exceptions were taken to each of the conclusions of law, and a motion for new trial was filed by appellant, which was overruled. The court found that the petition for the drain in question was

filed on August 10, 1904; that the usual preliminary proceedings were had, and on April 17, 1905, the commissioners appointed for that purpose filed their report in said cause and fixed May 10, 1905, as the time when the parties named in said report should appear thereto; that on June 22, 1905, the report of the commissioners was confirmed and the drain established. The court also found that the lake that would be affected by said drain had a surface area at high-water of seven and fifty-four hundredth acres.

Appellant upon this finding contends that the act of the General Assembly of 1905, concerning drainage (Acts 1905, p. 456, §§5622-5635 Burns 1905), which went into effect April 15, 1905, repealed the law under which said drain was being constructed; and, since the order establishing the same was not made until after this law went into effect, there was no law under which such order could be made, and hence the same was void. Since the filing of appellant's brief, the Supreme Court has settled this question adversely to him in the cases of *Taylor* v. *Strayer* (1906), 167 Ind. 23, *Clemans* v. *Hatch* (1907), 168 Ind. 291, and *Smith* v. *Gustin* (1907), 169 Ind. 42, where it is held that the saving clause in the repealing section of the act of 1905 (§5635, *supra*) expressly preserved all ditch proceedings that had progressed to final establishment, and also pending proceedings that had not reached final establishment, where such drains would not affect lakes of a surface area, at high-water, of ten acres or more.

The appellant also contends that, since the order establishing the drain was entered on the order-book and signed by the judge in vacation, it is void. The finding of the court on this point was that on June 22, 1905, in open court, the Honorable Richard K. Erwin, sitting as special judge, pronounced the judgment of the court confirming the report of the commissioners and establishing the drain, and appointed a superintendent of construction; that minutes of these orders were at that time transcribed on the court's

docket, and then read in open court to the attorneys present representing the different parties interested; that it was then agreed between said attorneys and said court that Mr. Whipple, an attorney then present and who represented the petitioners and this appellant in said proceedings, should prepare the formal entry of said order, present it to the other attorneys for approval, and, on their approval, present it to the judge for his approval, and then give it to the clerk to be by him entered upon the order-book as of said June 22; that said term of the Jay Circuit Court expired by operation of law on June 24, two days after said order and agreement; that at the time of adjournment the business was so congested that the clerk thereof was two weeks behind in his entries of the orders and minutes thereof; that the report of said drainage commissioners contained about three hundred pages of legal paper closely written, and it was impossible for the clerk to record the same within the remaining two days of the term; that afterwards said Whipple prepared said entry as directed, submitted it to the other attorneys and to the court, all of whom approved it, and it was then given to the clerk on July 20, and duly recorded by him, and within two days thereafter it was read and signed by said special judge, said recording and signing being in vacation; that afterwards, on September 6, and the third judicial day of the next term of court, said order was reread and approved in open court by said judge, and the court found that there was no fraud perpetrated by any one in procuring the pronouncement of the order or the recording thereof.

The facts so found are not questioned here, and must therefore be taken as true. If they do not exhibit what amounts at least to a legal fraud, this proceeding 2. cannot be sustained, since it is upon this ground alone that appellant has any standing in court. *State* v. *Hindman* (1903), 159 Ind. 586; *Cotterell* v. *Koon* (1898), 151 Ind. 182; *Asbury* v. *Frisz* (1897), 148 Ind. 513,

It is well settled that a judgment rendered in vacation is void. *State* v. *Hindman, supra.* But there is a wide distinction between the pronouncement of the court 3. of the sentence of the law and the recording of the same by the clerk. "The rendition of a judgment, it will be remembered, is an entirely distinct thing from the entry of it. The former is the act of the law through the mouth of the judge; the latter the act of the clerk. The former gives force and efficiency to the judgment; the latter preserves a memorial of it. The former is a judicial act; the latter is a ministerial act." 1 Black, Judgments (2d ed.), §179. "The rendition of a judgment and the entry of such judgment are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court." *Smith* v. *State* (1880), 71 Ind. 250. See, also, *Anderson* v. *Mitchell* (1877), 58 Ind. 592. The judicial act must be performed while the court is in session; the ministerial act may be done at another time, provided, always, that the record is afterwards examined, approved, and signed by the judge. The practice of entering judgments in vacation prevailed at common law. 1 Freeman, Judgments (4th ed.), §38 *et seq.; Sieber* v. *Frink* (1883), 7 Colo. 148, 2 Pac. 901. And there is no express provision in our code prohibiting this practice. The practical necessity and reasons for the rule are so fully and clearly stated in the case of *Board, etc.,* v. *Sullivan* (1881), 51 Wis. 115, that we quote as follows: "There having been a sufficient direction to the clerk to enter judgment, and he having entered it as of the term at which the action was tried and the decision filed, it would seem absurd to hold the judgment irregular because the labor of drafting the judgment was done in vacation. * * * The entry of judgment by the clerk is not a judicial act. He is the mere clerk of the court to draft and put in formal shape what the court has already adjudged, and this ministerial act may as well be done in vacation as in term time. * * * It

often happens that the judge files his findings in cases tried by him, at the very close of the term, and adjourns court before it would be possible to put the judgment in form during the term; and, if the rule contended for by the counsel for the appellant were established, no judgment could be entered in such case until the next term, which might very injuriously affect the rights of the party entitled thereto.''.

This case seems to have been written for the case at bar. Here was a judgment pronounced two days before adjournment, the entry of which would cover over three hundred dred pages of record. Sufficient other judgments and proceedings were ready for entry to occupy the time of the clerk for two weeks, and it was impossible to enter this judgment before that time. If the rule was that the judgment could not be made effective until the next term, which was over two months distant, it would mean the delay of a great and important work for that period, which, in this case, would throw the work into the winter months, and possibly entail great loss and hardship upon parties interested. Our conclusion in this case can be easily distinguished from the cases of *Mitchell* v. *St. John* (1884), 98 Ind. 598, *Passwater* v. *Edwards* (1873), 44 Ind. 343, *State* v. *Thistlethwaite* (1882), 83 Ind. 317, and *State* v. *Hindman, supra,* cited by appellant. In the latter case judgment was rendered and entered after the close of the term. In the others the entry was made by the clerk in vacation without any agreement of the parties, and without thereafter being examined or signed by the judge. In the case at bar the judgment was regularly rendered in open court, at a time regularly fixed for the hearing, in the presence of the attorneys of the parties. The entry was afterwards prepared and entered, under agreement of the parties, as of the date of rendition, examined, approved, and signed by the judge, and, at the earliest opportunity thereafter, reread in open court and approved by the court, all without any objection from appellant or any claim that the

judgment as entered is not in exact conformity with the one rendered. Such a judgment is not fraudulent and is not void. *Ridgway* v. *Morrison* (1867), 28 Ind. 201; *Griffith* v. *State* (1871), 36 Ind. 406; *Kent* v. *Fullenlove* (1872), 38 Ind. 522; *Chamberlain* v. *City of Evansville* (1881), 77 Ind. 542; *Catterlin* v. *City of Frankfort* (1882), 87 Ind. 45; *Jones* v. *Carnahan* (1878), 63 Ind. 229; *DeArmond* v. *Preachers Aid Society* (1884), 94 Ind. 59; 1 Black, Judgments (2d ed.), §180; *Iliff* v. *Arnott* (1884), 31 Kan. 672, 3 Pac. 525; *Shackelford* v. *Miller* (1884), 91 N. C. 181; *Sieber* v. *Frink, supra*. No points or arguments have been made on the motion for a new trial. All questions thereon are therefore waived.

Judgment affirmed.