SISTERS OF MERCY OF JEFFERSONVILLE *v.* HOURFF ET AL.

[No. 12,666. Filed January 6, 1927. Rehearing denied March 11, 1927. Transfer denied February 24, 1928.]

*Ward H. Watson* and *Sol. H. Esarey,* for appellant.
*Burdette C. Lutz,* for appellees.

THOMPSON, ·J.—Appellant, a corporation, brought this action to quiet title to certain real estate in Jeffersonville, Clark county, Indiana, alleging that a certain mortgage given to Nicholas Hourff was void, and asking that said mortgage be cancelled—and further alleging that, although appellees were claiming some interest in said real estate, they, in fact, had no interest in the same. The appellee Hourff filed a disclaimer. Appellee board of commissioners of Clark county filed answer in denial and also an answer alleging ownership of the real estate.

The court made a special finding of facts and stated its conclusions of law thereon. The court found that appellant, on March 29, 1912, was a corporation duly organized under the laws of Indiana, and was the owner of the real estate described in the complaint; that, on said date, Mary Regina Kerr was the president of said corporation, and that the by-laws provided that all contracts, deeds and mortgages and other instruments executed by said corporation should be executed in the name of said corporation by the president thereof and countersigned by the secretary thereof; that, on said date, Nicholas Hourff was the holder of two promissory notes aggregating the sum of $6,500, executed by the appellant, dated August 21, 1910; that on March 29, 1912, Sister

Mary Margaret Curran, assuming to act as treasurer and president *pro tem* of the Sisters of Mercy of Jeffersonville, Indiania, made, executed and acknowledged] to said Nicholas Hourff, a certain mortgage, described in appellant's complaint, on the real estate described therein, securing the two notes—one for $4,000 and one for $2,500; that said mortgage was duly recorded; that said Sister Mary Margaret Curran was not authorized, under the by-laws of said corporation, to execute said mortgage on behalf of the Sisters of Mercy of Jeffersonville, Indiana; that on November 23, 1912, Nicholas Hourff brought suit on said notes; that on December 2, 1912, the Citizens Trust Company of Jeffersonville was, by the Clark Circuit Court, appointed receiver for all the property of said Sisters of Mercy of Jeffersonville, Indiana; that on April 19, 1913, said receiver sold, under an order of the Clark Circuit Court, to the Fidelity and Columbia Trust Company of Louisville, Kentucky, all the real estate described in appellant's complaint except lot No. 16 in Block 131 in the city of Jeffersonville; that on July 24, 1915, said receiver sold lot No. 16 in Block 131, to Albert N. Symms and Lillian V. Symms, his wife, and that said sales were duly confirmed by the court; that said Nicholas Hourff and the Sisters of Mercy of Jeffersonville were parties to all proceedings had in said cause; that on December 18, 1915, the final report of said receiver was filed, examined and approved by the court, and said receiver discharged and said cause finally determined, and the same has not been appealed from and is in full force and effect; that by mesne conveyances all of said real estate described in appellant's complaint was sold and conveyed to the board of commissioners of Clark county, Indiana, and that said board of commissioners was the owner thereof; that after the proceedings had in said cause in the Clark Circuit Court and said action was finally disposed of, said Nicholas Hourff died,

and, at the time of the bringing of this action, the defendants William H. Hourff, Charles Hourff, Joseph Hourff, Mary Hourff and Anna Niesse were the sole and only heirs at law of said Nicholas Hourff, deceased.

On the facts thus found, the court stated its conclusions of law as follows: (1) That the law is with the defendants; (2) that the board of commissioners of Clark county, Indiana, is the owner in fee simple of the real estate described in appellant's complaint; (3) that the Hourff heirs have no interest in said real estate; (4) that appellant has no interest, claim, right or title in and to said real estate, and that the mortgage therein set out is null and void. The judgment was that appellant take nothing by this action, and that defendants recover costs.

Appellant filed a motion for a new trial, which motion was overruled, and appellant excepted.

The error assigned is the overruling of appellant's motion for a new trial.

The question here presented is whether or not the decision of the court is sustained by sufficient evidence.

Appellant earnestly contends that since the transcript of the Clark Circuit Court certifying to the appointment of the receiver and the sale of the property by the receiver does not show that said order was signed by the judge, the decision of the court was not sustained by sufficient evidence.

It has been decided many times by the Supreme Court of this state that where a transcript of a judicial record of a court of general jurisdiction is properly certified by the authorized officer, the presumption is that the proceedings were regular, and that the judge discharged his duty by signing the record. In *Adams* v. *Lee* (1882), 82 Ind. 587, the court said: "Where a transcript of a judicial record of a court of general jurisdiction, is properly certified by the author-

ized officer, the presumption is that the proceedings were regular, and that the judge discharged his duty by signing the record at the close of the day's proceedings." *Anderson* v. *Ackerman* (1883), 88 Ind. 481: "The only other objection to the ruling of the court admitting in evidence the certified copy of the judgment is that it did not appear that the judge of the Elkhart Circuit Court had ever signed the entry of such judgment. In section 22 of the act of June 1, 1852, providing for the organization of circuit courts, etc. (2 R. S. 1876, p. 10; sec. 1330, R. S. 1881), it was and is provided that no process shall issue on any judgment or decree of the court until it shall have been publicly read in open court and signed by the judge. It does not follow, however, from this provision, that the judgment is invalid, or that a certified copy thereof is not competent evidence, because it does not appear or is not shown that the entry of such judgment has been signed by the proper judge.

"Our conclusion is that there is no error in the admission in evidence, over the appellant's objections, of the certified copy of the entry of judgment, available for the reversal of the judgment below in the case at bar." In *State* v. *Hunt* (1894), 137 Ind. 537, 37 N. E. 409: "The reason assigned why there is supposed to be no judgment for the defendant is that the transcript does not disclose that the record of the judgment set forth therein was signed by the special judge who tried the cause. Certified transcripts of proceedings of courts need not show that such proceedings were signed, the presumption being that they were duly and properly signed, until the contrary is affirmatively made to appear in the transcript."

There was no error in overruling the motion for a new trial.

Judgment affirmed.

Remy, J., dissenting.