## BAILER v. DOWD, WARDEN.

[No. 27,626.   Filed March 23, 1942.]

*Hubert R. McClenahan,* of Decatur, for appellant.

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General, for appellee.

RICHMAN, J.—This is a collateral attack on a judgment of the Allen Circuit Court by a petition for a writ of *habeas corpus* filed in the LaPorte Circuit Court. Appellant claims that the judgment upon which he was committed was void because the entry thereof was not signed by the judge. The trial court thought otherwise

and quashed the petition. It is conceded that if the lack of the judge's signature is merely an irregularity the principle stated in *State ex rel. O'Leary* v. *Smith, Judge* (1941), ante p. 111, 37 N. E. (2d) 60; *State ex rel. Kunkel et al.* v. *Circuit Court of LaPorte County* (1936), 209 Ind. 682, 200 N. E. 614; *Swain* v. *Dowd, Warden,* (1939), 215 Ind. 256, 18 N. E. (2d) 928, and other similar cases, is applicable and the judgment should be affirmed.

Appellant was committed to the state prison in 1926 before the last amendment of § 4-324, Burns' 1933, § 1413, Baldwin's 1934, but that amendment is immaterial to this inquiry. The statute presently reads:

> "It shall be the duty of the clerk of the circuit court to draw up each day's proceedings at full length in the proper order-book of said court, and the judge of said court shall thereupon sign the same, and no process shall issue upon any judgment or decree of court until it shall have been so signed by the judge."

This statute does not limit the power or jurisdiction of the court to render a judgment but merely prescribes the manner in which it shall be recorded. Such statutes are usually held to be directory. See 2 Lewis' Sutherland, Stat. Constr., ch. XVI, beginning at p. 1114. All the later decisions of this and the Appellate Court so treat this statute. The exact contention herein made was before this court in *Brant* v. *Lincoln Natl. Life Ins. Co. of Ft. Wayne* (1935), 209 Ind. 268, 270, 198 N. E. 785, and it was therein correctly held that an unsigned judgment was not void and that a sale made pursuant to the process issued thereon was not void so as to be subject to collateral attack. The following cases also support this conclusion. *Jones* v. *Carnahan* (1878), 63 Ind. 229; *Beitman* v. *Hopkins* (1887), 109 Ind. 177, 9 N. E. 720; *Owen* v. *Harriott*

(1911), 47 Ind. App. 359, 370, 94 N. E. 591, 595; *Pittsburgh, etc., R. Co.* v. *Johnson* (1911), 49 Ind. App. 126, 132, 93 N. E. 683, 686, 95 N. E. 610; *Pittsburgh, etc., R. Co.* v. *Johnson* (1913), 52 Ind. App. 457, 99 N. E. 508; *Cadwell* v. *Teaney* (1928), 199 Ind. 634, 640, 157 N. E. 51, 54; *Laiskomis* v. *Federal Land Bank of Louisville* (1936), 210 Ind. 577, 4 N. E. (2d) 204. See also *Catterlin* v. *The City of Frankfort* (1882), 87 Ind. 45, 56; *Griffith* v. *State* (1871), 36 Ind. 406, 408; *Kent* v. *Fullenlove* (1872), 38 Ind. 522, 525; *Johnson* v. *The Board of Commissioners of Wells County* (1886), 107 Ind. 15, 22, 8 N. E. 1, 4; *Martin* v. *Pifer* (1884), 96 Ind. 245, 251.

This rule is based upon the premise, not always stated in the opinions, that rendition of the judgment is the act of the judge, judicial, but the entry thereof, the act of the clerk, ministerial, and the judge's signature is likewise a ministerial attestation to the correctness of the clerk's transcription of a judgment complete in itself when pronounced by the judge. This distinction is recognized by those cases which hold that the time for appeal runs from the date of rendition of the judgment, not the date of its entry. *Anderson, Adm'x.* v. *Mitchell* (1877), 58 Ind. 592; *Reading* v. *Brown* (1898), 19 Ind. App. 90, 49 N. E. 41; *Pittsburgh, etc., R. Co.* v. *Johnson, supra.*

The rule above stated and reasons therefor have not always been recognized by this court, as indicated by the following cases: *Ringle* v. *Weston* (1864), 23 Ind. 588; *Houghland* v. *The State, ex rel. McCool* (1873), 43 Ind. 537, 543; *Emery* v. *Royal* (1889), 117 Ind. 299, 20 N. E. 150, all of which involve proceedings in justice of the peace courts; *Galbraith* v. *Sidener* (1867), 28 Ind. 142, 150, where a judgment of a court of common pleas was held void; *Passwater* v. *Edwards* (1873), 44

Ind. 343; *Mitchell* v. *St. John* (1884), 98 Ind. 598, and a few other cases unnecessary to notice. It would serve no good purpose to examine them in detail. The justice of the peace cases deal with another statute. They may be explained, if not distinguished, by the reluctance of the court to permit a layman operating a one-man court to deviate from the simple but necessary forms prescribed by the Legislature. The Galbraith case, *supra*, was based on *Ringle v. Weston, supra,* which did not state that the judgment was void but merely that a transcript of the judgment showing no signature was not admissible in evidence. This is not the rule as to transcripts of judgments of circuit courts. *Ferris* v. *Udell* (1894), 139 Ind. 579, 592, 38 N. E. 180, 184. In the Passwater case, *supra,* the prisoner received a sentence of ten days and had already served thirty before the judgment was entered. This no doubt was in the mind of the court when it said of the proceedings, "we can not sanction a practice so loose." The Mitchell case, *supra,* disclosed a fraud upon the court in that the entry was never authorized by the judge and the attesting signature was not that of the judge but of an attorney in the case. In the last two cases the proceedings were questioned seasonably in the court wherein they occurred, not in a court of coordinate jurisdiction. The Houghland case has already been overruled, *Miller* v. *McAllister* (1877), 59 Ind. 491. It seems unnecessary to overrule any of the other cases mentioned in this paragraph but they are disapproved in so far as they are in conflict with our present views.

Appellant's theory predicates a void judgment. We hold that the judgment was not void but merely irregular. He might have prevented commitment until the signature of the judge had been affixed to the order book entry of the judgment but this

right he waived by failing to assert it in the court where he was convicted and prior to the execution of the writ.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 325.