## HOLLENSBE v. THOMAS.

APPEAL BOND—CONTRACT.—Where an appeal is prayed from the judgment of a justice of the peace, within the time limited by law, and a bond signed by the surety but not by the principal, is filed and approved by the justice, the appellant is entitled to his appeal, and the subsequent withdrawal of the bond to procure its execution by the principal, and its absence from the files until after the expiration of the time limited for an appeal, could not divest the party's right to the appeal.

APPEAL from the *Riply* Common Pleas.

HANNA J.—*Thomas* sued *Edward* and *John Hollensbe* before a justice, and had judgment on the 16th day of *February*, 1863. On the 14th of *March*, following, the agent of said *Hollensbes* filed an appeal bond, signed by one *Clark*, and prayed an appeal, which was granted and the bond approved by the justice. Thus far the transcript shows. It is shown by the oral testimony of the justice, taken on a motion to dismiss the appeal, that afterwards, but within the time limited for taking an appeal, the justice, conceiving that the bond should have the name of one of the principals to it, sent it to *John Hollensbe*, who signed it immediately, but did not return it to the justice until after the expiration of said time. The Court dismissed the appeal.

Upon affidavits showing these facts, and also the fact that *Edward* did not know of the action of the justice in withdrawing said bond from among the papers of the case, until after said limited time, and that the defendants had merits in the defence; the Court ordered an appeal to be permitted. In accordance with said order, a bond was filed and the transcript sent up.

A motion was again made to dismiss the appeal as to said *John*, on the ground that by receiving and retaining said first bond, until beyond the time limited for an appeal, he had

waived any right he had to an appeal. The motion was sustained, the appeal, as to time, dismissed, and judgment against him for costs.

He now prosecutes this appeal. The questions presented are upon those rulings of the Court in dismissing.

We are of opinion that, the Court erred in ordering the first dismissal. When the appeal was prayed, the bond filed and approved by the justice, the party was entitled to his appeal, and the justice's duty was to make out and file a transcript in the proper office of the Court to which the appeal was prayed. The fact that the justice mistook his duty on the legal rights of the parties, could not change those rights. The withdrawal of the bond by said justice for one purpose could not divest the right, or affect the validity thereof in any different manner than if he had withdrawn it for some other and different purpose, because such withdrawal for any purpose was unauthorized and did not affect its validity.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Charles N. Shook*, for the appellant.