## BARNETT *v.* GILMORE.

COUNTY COMMISSIONERS.—*Appeal.*—A. contested the election of B. as county treasurer. The latter appealed from the decision of the county commissioners to the circuit court, and in proper time filed a bond, which contained no penalty, with the auditor, who failed to file a transcript and the papers in the cause in the office of the clerk of said court for more than fifty days af-

ter the bond was filed. In the circuit court, B. moved to dismiss the cause, pending which motion, A. moved to dismiss the appeal. The latter motion was sustained, after which B. tendered a proper bond and asked to have the appeal reinstated, which the court refused.

*Held*, that said motion to dismiss the appeal had precedence over said motion to dismiss the cause.

*Held*, also that the failure of the auditor to file the transcript and papers in the clerk's office within twenty days after the appeal was taken was no cause for the dismissal of the appeal.

*Held*, also, that the fact that the appeal bond contained no penalty was good cause for dismissing the appeal.

*Held*, also, that the offer to file a new bond, if allowable at any time, came too late after the appeal had been dismissed.

APPEAL from the Putnam Circuit Court.

ELLIOTT, J.—In this case, Gilmore contested the election of Barnett to the office of county treasurer. Gilmore succeeded before the board of county commissioners, and Barnett appealed to the circuit court, and filed a bond with the auditor the day after the decision was made. The bond, however, contained no penalty. The auditor failed to file a transcript of the proceedings before the commissioners and the papers in the case, in the clerk's office of the circuit court, for more than fifty days after the bond was filed.

In the circuit court, Barnett moved to dismiss the case, on the ground that there was no sufficient cause of contest. Pending that motion, Gilmore moved to dismiss the appeal, for the reasons, first, that no bond was filed authorizing an appeal; and second, because the transcript and papers were not filed in the clerk's office within twenty days after the appeal was taken. The court dismissed the appeal, to which Barnett excepted. Afterwards Barnett tendered a proper bond, and asked to have the appeal reinstated, which the court refused to do, to which an exception was also taken.

Barnett appeals.

The motion to dismiss the appeal had precedence over the motion of the appellant to dismiss the cause.

The failure of the auditor to file the papers and transcript in the clerk's office within twenty days after the ap-

peal was taken was no cause for the dismissal of the appeal. *Day* v. *Herod*, at the present term, ante, p. 197.

The appeal bond was defective, as it contained no penalty, and the appeal was properly dismissed for that reason. The offer to file a new bond, if allowable at any time, came too late after the appeal had been dismissed, and there was no error in refusing to reinstate the appeal.

Judgment affirmed, with costs.

*J. J. Smiley, W. Neff, S. Claypool, J. A. Matson,* and *C. C. Matson,* for appellant.

*W. A. McKenzie, D. C. Donnohue, D. E. Williamson,* and *A. Daggy,* for appellee.