ANDERSON, ADM'X, *v.* MITCHELL ET AL.

SUPREME COURT.—*Practice.—Appeal.—Time.—Statute Construed.*—Under section 561, 2 R. S. 1876, p. 243, of the practice act, prior to the amendment of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, an appeal to the Supreme Court had to be taken within three years from the time judgment was "rendered," *i. e.*, declared, by the court below.

SAME.—*Judgment.—Failure of Clerk to Enter.*—The fact that a judgment, by mistake of the clerk, is not entered until after the date of its rendition, does not extend the time within which an appeal may be taken.

SAME.—*Nunc Pro Tunc Entry.*—Where, by such mistake, the entry of a

Anderson, Adm'x, *v.* Mitchell *et al.*

judgment is not made until after its rendition, and is then entered, by order of the court and the agreement of the parties, as of the day on which it was rendered, the time within which an appeal is taken to the Supreme Court begins to run from the date of the rendition, and not from the entry, of the judgment.

From the Morgan Circuit Court.

*S. Claypool* and *W. A. Ketcham*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellees.

Howk, J.—This cause was submitted to this court, by the agreement of the parties, on the 24th day of November, 1875. Afterward, on the 11th day of January, 1878, the appellees, with the leave of this court first had and obtained, filed their plea or answer in this cause, in substance, as follows :

" The appellees, in the above entitled cause, would show to the court, that the trial of this cause, and from which trial the appeal herein was taken to this court, was had at the February term of the Morgan Circuit Court, A. D. 1872, and on the 8th day of March, 1872 ; that the transcript herein was filed in this court on the 19th day of November, A. D. 1875 ; that, at the said February term of said Morgan Circuit Court, the clerk thereof, through inadvertence or mistake, failed to enter up the judgment of the court on the verdict of the jury therein ; that afterward, at the September term, 1875, of said court, and on the 7th day of September, 1875, the parties to this cause appeared in court, and, on motion of appellees and by agreement of the parties, it was ordered by the court, that the entry of judgment be made in said cause at this time (September 10th, 1875,) as of the date of March 8th, 1872, that being the time when said judgment should have been, and was intended and understood by the court and parties to have been, entered ; and that the proper judgment was thereupon entered as of the date of March 8th, 1872. Wherefore the appellees say, that more than three years elapsed from the date of the rendition of the judgment herein, March 8th, 1872, to Novem-

ber 19th, 1875, the date of the filing of the transcript herein, in this court; and they pray that the appeal herein, and this cause may abate and be dismissed, and for other proper relief."

Upon the filing of this plea or answer, in this court, the appellant was ordered to reply thereto, and, having failed so to do within the time limited, it is now ordered, that such plea or answer be taken as confessed.

The facts alleged in the plea or answer, however, are fully sustained by the record of the cause in this court, and the question thereby presented for our consideration is simply this: Was the appeal of this cause, to this court, taken within three years from the time the judgment therein was rendered? This question, of course, involves within it this further question: What is the rendition or rendering of judgment? The rendition of judgment, and the entry of judgment, are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court. Both terms or forms of expression are used in our code of practice. Thus, in sections 405 and 406 of the practice act, the phrase, " entry of judgment," is used with reference to the time of issuing executions. 2 R. S. 1876, p. 197. Again, in section 421 of the code, it is provided, that a recognizance of bail, for the stay of execution, shall be written immediately following the " entry of the judgment." 2 R. S. 1876, p. 202.

In section 561 of the practice act, as the section read before it was amended by an act approved March 14th, 1877, Acts Spec. Sess. 1877, p. 59, it was provided, that "Appeals in all cases hereafter tried, must be taken within three years from the time the judgment is rendered." 2 R. S. 1876, p. 243. Section 586 of the code provides for the review of a "judgment at any time within three years next after the rendition thereof." 2 R. S. 1876, p. 247. To render judgment is to return or give judgment; and it can not be said, in our opinion, that the phrase, in any of its forms, includes the idea of making a written entry or record of a judgment. In

the case at bar, the court below rendered judgment on the 8th day of March, 1872; but the clerk of the court then made no written entry or record of the judgment. Afterward, on the 7th day of September, 1875, the following entry was made in this cause, in the court below, to wit:

" Come the parties, by their attorneys, and, on motion and by agreement of the parties, it is ordered by the court, that the following entry of judgment in said cause be made at this time as of the date of March 8th, 1872, that being the time when said judgment should have been, and was intended and understood by the court and parties to have been, entered."

Then follows the entry of the judgment, in this cause, which the court below had " rendered " three years and six months before that time, but which the clerk of the court had failed to make any entry of.

In the case of *Gray* v. *Palmer*, 28 Cal. 416, it was held by the Supreme Court of California, on a statute of that State limiting the time within which appeals might be taken, very similar in its provisions to our statute above cited, but prescribing a shorter time, that an appeal must be taken within one year from the time of the rendition of the judgment, and that the failure of the clerk to enter the judgment in the judgment book, at the time it is rendered, cannot extend the time within which to appeal. The doctrine of the case cited, on this point, was approved and followed by the same court in the later cases of *Peck* v. *Courtis*, 31 Cal. 207, and *Genella* v. *Relyea*, 32 Cal. 159.

In our opinion, the appellee's plea or answer, and, indeed, the record itself of this cause, show very conclusively, that this appeal was not taken within three years from the time the judgment was rendered by the court below.

The appeal is therefore dismissed, at the costs of the appellant.