No. 12,310.

JOHNSON· v. STEPHENSON ET AL.

SUPREME COURT.—*Appeal.*—*Practice.*—Appeals to the Supreme Court, in
all civil cases, are perfected by filing a transcript with the clerk, which
transcript must be filed within one year from the time of the rendition
of judgment; and where the transcript is not filed within that time, the
appeal will be dismissed, though the proper notice of appeal has been
served within the year.

From the Owen Circuit Court.

*J. C. Robinson, I. H. Fowler, A. W. Fullerton, S. O. Pick-
ens* and *W. A. Pickens,* for appellant.

*D. E. Beem* and *W. Hickam,* for appellees.

ZOLLARS, J.—Judgment was rendered in the court below,
on the 3d day of April, 1884. On the 27th day of March,
1885, appellant served notices of an appeal upon appellees
and the clerk of the circuit court. The transcript was filed
in the office of the clerk of this court, on the 30th day of
April, 1885. It will thus be seen that the notices of an ap-
peal were served before, and the transcript filed in this court
after, the expiration of one year from the rendition of the
final judgment below.

For this reason, appellees move to dismiss the appeal. Ap-
pellant resists this motion upon the ground that the appeal
was taken by the service of the notices. He relies upon
the first portion of section 640, R. S. 1881, and rule 23 of
this court.

Section 640, *supra,* must be considered and construed in
connection with the other sections of the statute upon the
same subject. Section 633 provides that appeals to this court,
in all cases, must be taken within one year from the time the
judgment is rendered. Section 631 is in harmony with it.

Previous to the enactment of these sections, such appeals
might be taken within three years from the rendition of the
judgment. The idea of the Legislature doubtless was, that
one year is sufficient time in which to appeal, and all that

should be allowed, in justice to the judgment creditor. The party from whose judgment an appeal may be taken is interested in having the question of appeal settled, so that he may rely upon the stability of his judgment. All judgment creditors are alike interested.

It can hardly be supposed that the Legislature, in providing for appeals to this court, intended to provide that if an appeal is taken under one section of the statute, it must be perfected by the filing of a transcript within one year from the rendition of the judgment, but if taken under another section, the transcript may be filed after the expiration of the year. To give the statute such a construction would be to hold that an appeal may be perfected within the year or not, as the judgment defendant and appealing party may choose, by taking his appeal under any particular section of the statute.

Evidently, all judgment creditors are upon an equality, and all alike have the right to demand that appeals from their judgment shall be perfected within one year from their rendition, by the filing of the transcripts, so that the cases may go to the court for decision.

If parties intending to appeal may delay perfecting their appeals by failing to file the transcripts, and thus delay the final decision of the cases, by taking the appeals under the first branch of section 640, supra, it will follow, practically, that appeals of the least merit, and that ought to be speedily disposed . ", will be the longest delayed. If delay may be thus brought about by appealing under the first branch of that section, parties desiring delay only would in every case thus appeal under that section.

Section 640 provides for appeals after the term. It is as follows: "After the close of the term at which the judgment is rendered, an appeal may be taken by the service of a notice in writing on the adverse party or his attorney, and also on the clerk of the court in which the proceedings were

had, stating the appeal from the judgment or some specific part thereof; or such appeals may be taken by procuring from the clerk of the court a transcript of the record and proceeding in the suit, or so much thereof as is embraced in the appeal, and filing the same in the office of the clerk of the Supreme Court, who shall endorse thereon the time of filing, and issue a notice of the appeal to the appellee." It will be observed that whether the appealing party serves the notices upon the adversary and clerk or files the transcript, and the clerk issues the notice, this section makes no provision as to when the transcript shall be filed in the office of the clerk of the Supreme Court. To ascertain that fact we must look to section 633, *supra*, which fixes the time within which all appeals in civil actions must be taken. If that section does not. fix the time within which transcripts must be filed, when the appeals are after the term and under section 640, *supra*, the time is not fixed at all.

Under the latter part of section 640, the appeal is taken by filing the transcript. Under section 633, that appeal must be within a year from the time the judgment is rendered. *Harshman* v. *Armstrong*, 43 Ind. 126.

It is provided in the criminal code, that appeals must be taken within one year after the judgment is rendered. and that such appeals may be taken by the service of notices in a manner similar to that provided in the former part of section 640, *supra*; but it is also provided that the transcript may be filed within ninety days after the appeal is thus taken. R. S. 1881, sections 1885, 1887; *Winsett* v. *State*, 54 Ind. 437.

Section 640, *supra*, as we have seen, contains no such provision as to when the transcript shall be filed. It neither limits the time of filing the transcript within, nor extends it beyond, the year within which appeals may be taken. If the Legislature intended that in any case transcripts in civil actions may be filed after the year, doubtless such provision would have been made, as in the criminal code.

There must be a transcript filed at some time, in order to

have a perfected appeal. This court can not pass upon a case until the transcript is filed and regularly brought before it. If, under section 640, the transcript may be filed twenty-seven days after the expiration of the year, as in this case, when the notices are served as in the first branch of that section provided, there would seem to be no reason why the transcript might not be filed six months later. Appeals in civil actions must be taken within one year, and such appeals must be perfected appeals, which include the filing of the transcript. Section 633 applies as well to appeals taken under the first branch of section 640, as to those taken under the second branch, and in both cases requires the appeal to be perfected within the year by the filing of the transcript. Whether or not the service of the notices under the first branch of that section works an appeal in any sense, or for any purpose, until the transcript is filed, or whether or not when the transcript is filed the appeal dates from the service of the notices, are questions which we need not now decide, but we are quite clear that the service of the notices alone does not constitute the appeal that section 633 requires to be taken within one year.

Rule 23 of this court provides that where an appeal is taken after the term, by notices as provided in the first branch of section 640 of the code (which is the same as section 556, 2 R. S. 1876, p. 241), the transcript must be filed within sixty days from the time of the service, or the appeal so taken will be deemed to have been abandoned. This rule does not extend the time for filing the transcript beyond the year, nor was it attempted thereby to so extend the time. In the adoption of the rule, the court was not attempting to do what belongs to the Legislature. This is all apparent from the rule itself. There would be a possibility, and probability, of evil consequences resulting, if the appealing party might serve notices of an appeal shortly after judgment, and have the whole year in which to perfect the appeal by filing the transcript. In the long delay the other party might mislay the

notice served upon him, and forget that such a notice had been served, and thus the case, as to him, might go by default. It was to prevent such a result, doubtless, that the rule fixes the limit at sixty days. The sixty days thus fixed by the rule is a limitation, and not an extension.

Appellant's counsel cite *Hollensbe* v. *Thomas*, 22 Ind. 375, *Gumberts* v. *Adams Ex. Co.*, 28 Ind. 181, *Day* v. *Herod*, 33 Ind. 197, *Barnett* v. *Gilmore*, 33 Ind. 199, *State, ex rel.*, v. *Cressinger*, 88 Ind. 499, in support of their contention that there may be an appeal before the filing of the transcript. These cases involve appeals from boards of county commissioners and justices of the peace. Such appeals rest upon statutes very different from those authorizing appeals to this court. In bringing appeals here the appellant must procure the transcript and see that it is filed. In appealing from county boards and justices of the peace, the appealing party has nothing to do but to demand an appeal, and file his bond within the proper time. When he has done this, the law makes it incumbent upon the auditor in one instance, and upon the justice of the peace in the other, to make out and file a transcript with the county clerk. When the appealing party has demanded an appeal, and filed his bond, he has done all that the law requires of him, and all that he can do; hence, so far as he is concerned, he has taken an appeal. He can not be made to suffer by the laches of the auditor or justice of the peace in failing to file the transcript. This is what the above cases decide. They are not controlling here, for the reason, as we have before said, that in appealing to this court it is incumbent upon the party appealing to see to it that the transcript is filed in time. That duty is imposed upon no one else.

It follows from our conclusions above expressed that this appeal must be dismissed. The appeal is, therefore, dismissed, at appellant's costs.

Filed Dec. 31, 1885.