## READING v. BROWN ET AL.

[No. 2,661.   Filed January 13, 1898.]

APPEAL.— *Time of Taking.*— Under the provision of section 645, Burns' R. S. 1894 (633 Horners' R. S. 1897), the record in an appealed cause and the errors thereon assigned must be filed in the appellate court within one year from the rendition of the judgment, where appellant is not under legal disability, and the time begins to run from the rendition of the judgment and not its entry.

From the Marion Superior Court.   *Appeal dismissed.*

*George W. Galvin,* for appellant.

*Robert Denny* and *George W. McDonald,* for appellees.

HENLEY, J.—Appellee moves to dismiss the appeal because the same was not taken within one year from the rendition of the judgment in this cause.   The record shows that the judgment was rendered on the 11th day of June, 1896, and that the cause was not filed in this court until the 14th day of December, 1897, more than eighteen months after the rendition of the judgment from which this appeal is prosecuted. The statute upon this subject is plain.

"Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered.   In all cases heretofore tried they must be taken within one year from the time this act takes effect; but the time allowed the appellant by the preexisting law shall not be enlarged.   When the appellant is under legal disabilities at the time the judgment is rendered, he may have his appeal at any time within one year after the disability is removed." Section 645, Burns' R. S. 1894 (633, Horner's R. S. 1897).

It does not appear that the appellant in this cause was under any legal disability.

Our Supreme Court has repeatedly held, that when

an applicant is not under a legal disability that the record in an appealed cause must be filed in the appellate court and errors must be assigned within one year from the rendition of the judgment, and that the time begins to run from the rendition of the judgment and not its entry.    *Anderson* v. *Mitchell*, 58 Ind. 592; *Joyce* v. *Dickey*, 104 Ind. 183; *Johnson* v. *Stephenson*, 104 Ind. 368; *Bacon* v. *Withrow*, 110 Ind. 94; *Lawrence* v. *Wood*, 122 Ind. 452.    It follows from what we have said that the motion to dismiss in this cause will have to be sustained.    Cause dismissed.