## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. JOHNSON.

[No. 7,660.   Filed January 26, 1911.   Rehearing denied June 29, 1911.   Transfer denied December 12, 1911.]

1. APPEAL.—*When "Taken."—Statutes.*—Under §672 Burns 1908, §633 R. S. 1881, providing that in all cases appeals "must be taken within one year from the time the judgment is rendered," an appeal is "taken" at the time of filing the transcript and assignment of errors in the Supreme or Appellate Court. p. 130.

2. APPEAL.—*When Taken.—Judgment.—Rendition.—Entry of.—Signing by Judge.*—An appeal must be taken within one year from the time the judgment is actually rendered, or the motion for a new trial overruled, if it is filed after judgment, the time of rendition of judgment being considered as the time when the judge actually renders it, and not the time when the entry thereof is made, or the time when the judge signs the entry or docket. p. 131.

3. APPEAL.—*Judgment.—Failure of Judge to Sign.*—The failure of a judge to sign the order book containing an entry of a judgment rendered constitutes a mere irregularity and does not render the judgment void. p. 133.

4. APPEAL. —*Transcript. —Court Dockets. —Bench Dockets.* —The "court," or "bench" docket is not a record from which a transcript may be taken to the Supreme Court; but, though authorized by law, its use is to serve as a memorandum docket in which the judge keeps minutes from which the order books may be made. p. 133.

5. APPEAL.—*Time of Taking.*—Where a judgment was actually rendered on October 8, 1908, a motion for a new trial overruled on October 10, 1908, an appeal taken on December 28, 1909, is too late though the order-book entry of the judgment was not signed by the judge until December 17, 1909. pp. 133, 134.

6. JUDGMENT.—*Rendition.—Subsequent Signing of Docket by New Judge.*—The subsequent signing by the judge rendering judgment, or by a subsequent judge, of a docket containing a judgment theretofore rendered relates back to the time of the actual rendition of the judgment. p. 135.

From Pulaski Circuit Court; *John C. Nye,* Judge.

Action by Carl Johnson against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Appeal dismissed.*

*George E. Ross,* for appellant.

*M. M. Hathaway, G. A. Gamble* and *M. Winfield,* for appellee.

HOTTEL, J.—This is an appeal from a judgment for $6,000 in favor of appellee, rendered in the Pulaski Circuit Court.

Appellee filed a motion to dismiss the appeal, which, omitting the caption, is as follows: "Comes now the appellee, Carl Johnson, and moves the court to dismiss the appeal, in this cause, for the following reasons, to wit: By the return of the clerk of the Pulaski Circuit Court to the writ of *certiorari* issued in this cause, it fully appears that the judgment appealed from was rendered on the 8th day of October, 1908, by the Honorable John C. Nye, sole judge of said court, and that judgment was duly entered in Order Book No. 34, on page 402, of the records of the Pulaski Circuit Court, and that the transcript, on appeal in this cause, was not filed with the Clerk of the Appellate Court until December 28th, 1909, one year, two months and eight days after the rendition of final judgment; that the appeal, therefore, is too late and the appellee prays that said appeal be dismissed and for all other proper relief."

This appeal was taken to the Supreme Court, and the transcript was filed and the appeal perfected in that court on December 28, 1909. The cause was afterwards transferred to this court. While the cause was pending in the Supreme Court, appellee filed his petition for a writ of *certiorari.* This petition was afterwards granted, and the writ issued. On May 26, 1910, the clerk of the Pulaski Circuit Court filed his return to the writ. On May 31, 1910,

appellee filed a motion for an order to modify the original order directing the issuing of the writ. On December 13, 1910, this court, *per curiam*, overruled said motion, for the following reasons: "We are asked to modify the order heretofore made for *certiorari* in this cause, but we are of the opinion that the response filed on May 26, 1910, by the clerk of the Pulaski Circuit Court to the *certiorari* issued herein, sufficiently shows that the judgment in said cause was entered on October 8, 1908, but was not signed by the judge thereof until December 17, 1909. The motion to modify the order heretofore made in this cause for *certiorari* is therefore overruled."

The transcript, as originally filed, affirmatively shows the following facts: On October 8, 1908, appellant filed its motion for a new trial. On October 10, 1908, appellant's motion for a new trial was overruled and exceptions given, and ninety days given in which to file bills of exceptions, and the defendant prayed an appeal to the Appellate Court, which was granted "upon defendant's filing bond in the sum of $8,000 with the American Surety Company of New York, as surety thereon, within ninety days." In vacation, to wit, on December 31, 1908, appellant filed its bond in said sum of $8,000, payable to Carl Johnson [appellee], conditioned as follows:

"The condition of the above obligation is such, that whereas, on October 9, 1908, said Carl Johnson in the Pulaski Circuit Court recovered a judgment against said Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company for the sum of $6,000, in damages and cost of suit, from which said judgment of said Pulaski Circuit Court said Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company appeals to the Supreme Court of Indiana. Now if said Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company shall and will duly prosecute said appeal, and abide by and pay the judgment and costs, which may be rendered or affirmed against it, then the above obligation to be null and void, otherwise to be and remain in full force and virtue in law. Pittsburgh, Cincinnati, Chi-

cago and St. Louis Railway Company, By G. E. Ross, Solicitor. The American Surety Company of New York, By John F. Brookmeyer, Attorney-in-Fact.''

The return to the order of *certiorari* discloses that the original transcript incorrectly set out the proceedings of the court had on October 8, 1908, before the Honorable John C. Nye, the then regular judge of said court, in that it omitted the order-book entry of said court of that date, which showed the rendition of the judgment as of that date, and, instead thereof, copied into that day's proceedings the notes of the judge, made on his ''court'' or ''bench'' docket, which notes contained no rendering of judgment. This return also shows that the transcript, as originally filed, incorrectly set out the proceedings of December 17, 1909, before the Honorable Francis J. Vurpillat, the then regular judge of said court, in that such transcript set out as a part of the proceedings of December 17, 1909, the order-book entry of October 8, 1908, showing the rendering of the judgment, thereby transposing the entry of proceedings had before the Honorable John C. Nye on October 8, 1908, when judgment was rendered, and making it a part of the proceedings had before the Honorable Francis J. Vurpillat on December 17, 1909, and showing the rendering of the judgment of that date. This return to the order of *certiorari* certifies that the entry on page 571 of the transcript originally filed (which the transcript shows to be an entry of the proceedings had on December 17, 1909), contains a copy of the entry of proceedings had on October 8, 1908, which is the entry containing the judgment, and the return to said writ of *certiorari* also shows that no other judgment was ever rendered in the case. The return to the writ also sets out and certifies to an entry from the ''court'' or ''bench'' docket of said court of proceedings had in said cause on November 15, 1909, showing the filing of a motion in arrest of judgment of that date, which was overruled and excep-

tions saved by defendant, a prayer for appeal to the Appellate Court, prayer granted upon the filing of a bond in the sum of $10,000 in ten days, with Rufus L. Mayer as surety, the approval of the surety, the filing of the bond and its approval. The return to the writ of *certiorari* also sets out and certifies to another entry of date of December 2, 1910, being since the filing of this transcript, which we think unnecessary to set out here.

We think we have, in the statement given, set out enough of the contents of the record in this cause, as shown by the transcript in the case originally filed, and by the return to the order of *certiorari*, correcting and amending it, to show conclusively that the judgment from which this appeal was taken was rendered on October 8, 1908, in proceedings then had in said cause before the Honorable John C. Nye, the then regular judge of the said court, in which said cause was then pending, and that afterwards, on December 17, 1909, said judgment was signed by the Honorable Francis J. Vurpillat, then the regular judge of said court in which said judgment was before rendered. These being the facts presented by the record, Was the appeal perfected within the time fixed by the statute controlling appeals and fixing the time limit within which they shall be perfected?

Section 672 Burns 1908, §633 R. S. 1881, is as follows: "Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered. In all cases heretofore tried they must be taken within one year from the time this act takes effect; but the time allowed the appellant by the preëxisting law shall not be enlarged. Where the appellant is under legal disabilities at the time the judgment is rendered, he may have his appeal at any time within one year after the disability is removed."

An appeal will be deemed to have been taken at the time of the filing of the transcript and assignment of errors in

the Supreme Court. *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600.

The wording of the foregoing statute is plain, and it would seem to be susceptible of but one construction, but we are not without abundant authority in construing it. *Moon* v. *Cline* (1895), 11 Ind. App. 460; *Wheeler* v. *Barr* (1893), 6 Ind. App. 530; *Kinney* v. *Heuring* (1908), 42 Ind. App. 263.

In the case of *Reading* v. *Brown* (1898), 19 Ind. App. 90, 91, this court said: "Our Supreme Court has repeatedly held, that when an applicant is not under a legal disability that the record in an appealed cause must be filed in the Appellate Court and errors must be assigned within one year from the rendition of the judgment, and that the time begins to run from the *rendition of the judgment* and *not* its *entry*. *Anderson* v. *Mitchell* [1877], 58 Ind. 592; *Joyce* v. *Dickey* [1885], 104 Ind. 183; *Johnson* v. *Stephenson* [1886], 104 Ind. 368; *Bacon* v. *Withrow* [1887], 110 Ind. 94; *Lawrence* v. *Wood* [1890], 122 Ind. 452. It follows from what we have said that the motion to dismiss in this cause will have to be sustained." (Our italics.)

The granting of a motion for new trial would, of course, vacate the judgment, and the filing of such motion within the time allowed for filing it operates to hold the judgment in abeyance. The running of the statute is suspended until the motion for a new trial is ruled upon, and the appeal may be taken under §672, *supra,* within one year from the time judgment overruling the motion for new trial is rendered. *Moon* v. *Cline, supra; Blacmire* v. *Barnes* (1910), 173 Ind. 657; *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92.

In the case of *Kinney* v. *Heuring, supra,* the court said: "Appellee moves to dismiss the appeal for the reason that the transcript was not filed within the time fixed by statute. The time for taking appeals under §672 Burns 1908, §633

R. S. 1881, begins to run from the date that the motion for a new trial of the cause is overruled. *Joyce* v. *Dickey* (1885), 104 Ind. 183; *Moon* v. *Cline* (1895), 11 Ind. App. 460; *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92.''

''In legal contemplation, there is no final judgment until the motion for a new trial has been overruled, though the formal judgment on the verdict or finding had been entered previously.'' *New York, etc., R. Co.* v. *Doane, supra; Joyce* v. *Dickey, supra.*

In this case, the judgment was rendered October 8, 1908, and the motion for a new trial was filed on the same day, and overruled October 10, 1908.

Rendering the judgment is an act of the court; while making the entry is an act of the clerk of the court. The entry, or entries, of the day's proceedings are then signed by the judge, before whom the proceedings are had. *Anderson* v. *Mitchell* (1877), 58 Ind. 592, 595; *Reading* v. *Brown, supra.*

The time within which the appeal begins to run is from the day the judgment is rendered, not from the day the entry is made or signed. *Reading* v. *Brown, supra; Anderson* v. *Mitchell, supra; Johnson* v. *Stephenson* (1886), 104 Ind. 368; *Bacon* v. *Withrow* (1887), 110 Ind. 94; *Lawrence* v. *Wood* (1890), 122 Ind. 452.

The fact that the judge who rendered the judgment failed to sign the entry, and that it was afterwards signed by his successor, does not invalidate the judgment. We have a special statute controlling in such cases.

Section 1451 Burns 1908, §1331 R. S. 1881, provides as follows: ''In all cases where business of any kind has been or shall be transacted by any circuit or superior judge and put of record, and the judge, from death, resignation, or any other cause, has left or may leave the record of such proceeding or proceedings unsigned, the successor of such judge shall have the same power and authority to sign such record, at any subsequent term of the court, as if such record has been made by such judge.''

Parties cannot be heard to say that they are not bound by what has been done by the court, simply because the minutes have not been signed. A judgment rendered but not signed is not void, the failure to sign being but an irregularity. *Griffith* v. *State* (1871), 36 Ind. 406; *Beitman* v. *Hopkins* (1887), 109 Ind. 177.

The clerk of the Pulaski Circuit Court, in his return to the writ of *certiorari,* brings into the record some entries of the "court" or "bench" docket, among which is an entry showing that on November 15, 1909, a motion was filed in this case in arrest of judgment, the overruling of it, and prayer for appeal. The "court" or "bench" docket is not a record of the court in which its official entries are kept, but is merely a docket for the convenience of the court, in which is kept the data or memoranda, often very meager and incomplete, from which the true and official entries are made. These notes of the judge are not the record entries contemplated by record entries called for, to be incorporated in a transcript for the appeal of the cause, and we think should have no consideration in this case in determining what the official record entries disclose. However, if this entry, showing the filing of the motion in arrest of judgment and the appeal from the ruling thereon was given full force, it could not avail appellant anything in this appeal.

It has been expressly held by the Supreme Court of this State, that a motion in arrest of judgment, made after a motion for a new trial, and after judgment is rendered does not hold the cause before the trial court and save the appeal. *Blaemire* v. *Barnes, supra.*

Under the facts disclosed by the record as it now appears in this case, and under the authorities cited, a dismissal of the appeal seems imperative.

Appeal dismissed.

## ON PETITION FOR REHEARING.

HOTTEL, J.—A petition for a rehearing is filed in this case, and the position taken by appellant's counsel in the brief in support of this petition leads us to supplement the original opinion by setting·out certain entries upon which the facts stated in that opinion were, in connection with other entries referred to in said opinion, predicated, with some additional observations suggested by counsel's brief on this petition.

The return of the clerk of the Pulaski circuit court to the writ of *certiorari* herein shows, among other entries, the following: "And be it further remembered that the following proceedings were had in the said case of Carl Johnson vs. P. C. C. & St. L. Railway Company, being cause No. 7180, in the Pulaski Circuit Court, *as the same appears in the court or bench docket* (our italics) of said court for said September term 1908, to wit:

'Oct. 8. Dft. files Bills of excepts Nos. 1 & No. 2

Dft. also files written cause & motion for new trial.'

And be it further remembered that under the head of the day's proceedings of October 8th, 1908, the same being the 28th judicial day of the September term, 1908, of the said Pulaski Circuit Court, as shown on page 402 of Order-Book No. 34 appears the following entry in cause No. 7180 Carl Johnson vs. P. C. C. & St. L. Railway Company, (being the same entry found in the original manuscript at page 571) to wit:

'Carl Johnson

vs.                                          No. 7180.

P. C. C. & St. L. Railway Company

Comes now the defendant by counsel, and files Bill of Exceptions No. 1 and No. 2 in words following, to wit: (insert). Defendant also files written cause and motion for a new trial in words and figures following, to wit: (insert).

Plaintiff now moves the court for judgment on the verdict which motion is by the court sustained.

It is therefore ordered, adjudged and decreed by the court that the plaintiff recover of and from the defendant the sum of Six Thousand Dollars as and for his damages, together with his costs made and taxed in this cause at $——.

Read and signed in open court

December 17, 1909.

Francis J. Vurpillat, Judge.' "

The transcript originally filed in this case sets out as the proceedings had in said cause before the Honorable John C. Nye, on October 8, 1908, the proceedings above indicated and designated by said clerk in his said return to said writ as "proceedings  *  *  *  *as the same appear from the 'court' or 'bench' docket of said* court," and omits from said day's proceedings the record entry of said proceedings of said day showing the rendition of judgment, and signed by the Honorable Francis J. Vurpillat, and transposes this said record entry to, and makes it a part of, proceedings had before the said Judge Vurpillat, on said December 17, 1909, the date of signing said entry.

As indicated in the original opinion, the transcript originally filed showed an entry of October 10, 1908, before Judge Nye, and signed by him, overruling the motion for a new trial, the granting of the prayer for appeal, and fixing of bond, and the vacation entry of December 31, 1908, showing the filing of the bond, the conditions of which are set out in said opinion.

Appellant insists that "neither the original transcript nor the return to the writ of *certiorari* shows that the above entry [referring to the entry above showing the rendition of judgment] was made or entered at any time by the direction, authority, order, permission or sanction of the Honorable John C. Nye then the judge of the Pulaski Circuit Court." Literally speaking, and in the sense that John C. Nye's name as judge does not ap-

pear to said entry, this is true; but legally speaking, the reverse is true.

As indicated in our original opinion, the statute expressly authorized the Honorable Francis J. Vurpillat, the successor of the Honorable John C. Nye, as judge of said court, to sign any unsigned record entry of proceedings had and made before Judge Nye, and when so signed, said signing relates back and gives validity and effect to the entry as of the date on which the entry shows the proceedings to have been had. Every presumption is by this court indulged in favor of the action of the trial court.

This court, therefore, will not indulge the presumption that Judge Vurpillat, would sign and give validity to a record entry purporting to be that of a judgment rendered by his predecessor, when in fact it was only ''the unauthorized entry of a clerk made in vacation;'' but will indulge the presumption that when Judge Vurpillat, on December 17, 1909, signed said entry, showing the rendition of a judgment, as the entry of proceedings had by his predecessor on October 8, 1908, instead of signing it as proceedings had before himself of said date—December 17, 1909—thereby giving to such proceedings the sanction and authenticity of his official signature, as proceedings had before Judge Nye, on October 8, 1908, such succeeding judge was convinced that such proceedings had been so had by his predecessor, or otherwise he would not have signed it. Appellant's insistence that such proceedings were in fact proceedings had by Judge Vurpillat is in no way supported by the record entries themselves, or the law applicable thereto. If the motions shown by said entry of October 8, 1908, including the motion for judgment and the rendition thereof had in fact been made before Judge Vurpillat, and he had himself rendered such judgment, the entry would have been signed by such judge as proceedings had before himself on said December 17, 1909, and not as proceedings had by his predecessor on October 8, 1908. Because the clerk has

improperly incorporated in the record the memoranda or minutes kept by the judge in his "bench" or "court" docket, at the place in the record where he should have copied the official entry of the proceedings had on October 8, 1908, which bench docket entry does not contain any motion for, or rendition of, judgment, furnishes no sufficient ground for the contention of counsel for appellant, that judgment was not in fact rendered on that day. It is the signature of the judge that gives official character and validity to the record entry, and fixes the date of its making and the time its validity takes effect, and not the certificate of the clerk to the transcript or the precipe of counsel calling for the transcript. It is the business of the clerk to put into the transcript copies of the official entries called for by the precipe, in their proper order as they appear of record in his office, and to certify that they are true copies, and when he has done this he has discharged his full duty. It is no part of his business to undertake to pass on their validity, the time of their making, or by whom made; and especially is it not his duty, but rather an indefensible violation thereof, to transpose an entry of proceedings purporting to have been had on a given date before the then regular judge of such court, to an entry of proceedings purporting to have been had more than one year later before another judge, and then substituting for such transposed entry a court or bench docket entry. But appellant insists that such court or bench docket entry is authorized

4. by statute, and seems to think that, therefore, the original opinion is wrong in not giving it weight over that of the official entry. True, such entry has for its existence the sanction of statute, but, as held in the original opinion, is not the official record contemplated to be contained in a transcript on appeal. It is an unsigned memorandum, kept by the judge, of the proceedings had before him, and furnishes the data from which the official entry is made by the clerk, and is very necessary and proper for

the use and consideration of the trial judge in determining whether the official minutes or entry made by the clerk and submitted to him for his signature and official sanction should, in fact, be signed by him.

The presumption of regularity of the proceedings of the trial judge warrants us in indulging in the presumption that, in this case, Judge Vurpillat, before signing the entry of the proceedings purporting to be those had before Judge Nye on October 8, 1908, gave proper consideration to said court or bench docket entry, together with that of the entries of October 10, showing the overruling of the motion for a new trial, prayer for appeal, etc., and that of December 31, 1908, showing the filing of the bond as well as all other entries and files throwing light on said subject. Such court was the proper court and that time the proper time for the presentation and consideration of said entries. When Judge Vurpillat so signed said entry, and thereby gave it his official sanction, such minutes of the clerk so authenticated then became the official entry, and for the purposes of appeal became the record entry to be incorporated in the transcript, and such entry on appeal is by this court treated as authentic against any such indirect and collateral attack as that here made. If Judge Vurpillat, through error, mistake or fraud, was induced to sign such record entry, purporting to be an entry of proceedings had on said October 8, 1908, before John C. Nye, the then regular judge of said court, there was a way to correct and obtain relief from such error, mistake or fraud; but such relief cannot be obtained in this court by the method of official record entry, transposition and substitution resorted to in this case. Such method of presenting an indirect and collateral attack upon a record, if given the sanction of any consideration by this court, should be for the purpose of criticism and condemnation only.

For the reasons before indicated, we say now, as we said in the original opinion, that the transcript herein, as amend-

ed and corrected by the writ of *certiorari*, shows clearly that judgment herein was rendered on October 8, 1908, before the Honorable John C. Nye, the then regular judge of said court, that the facts as stated in the original opinion are completely justified by the record, and the principles announced and the authorties cited are applicable thereto; and we see no reason for changing or modifying that opinion.

Petition overruled.